WHITE *v.* STATE.

[No. 28,345. Filed June 10, 1948.]

*Jack B. Kammins,* of Indianapolis, for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *Merl M. Wall,* Deputy Attorney General, for the State.

O'MALLEY, J.—The appellant, with another, was jointly charged by affidavit with second degree burglary. The other person entered a plea of guilty and the appellant was tried by a jury. At the conclusion of the trial there was a verdict of guilty. Judgment

was entered on the verdict and within 30 days a motion for a new trial was filed and overruled and from that ruling this appeal is being prosecuted.

The only question not waived in the propositions, by failure to brief, relates to the sufficiency of the evidence to sustain the conviction.

From the evidence most favorable to the State and the reasonable inferences that could be drawn therefrom, the jury could find that the appellant and two others drove to Smith's Tavern in the City of Indianapolis, Marion County and State of Indiana, on the 6th day of April, 1946, about three o'clock in the morning; that the appellant and one other waited in the car while the driver thereof went to the front door and, by the use of a bar, broke the lock and forced the door open; that the driver then entered the tavern but was caused to leave without taking any property; that the appellant and the other person in the car gave signals of danger by starting the car and driving away and then coming back and stopping the engine to show that the coast was clear; that the police were called and given a description of the car being used by the appellant and two others; that a police car saw the car a few blocks from the scene of the attempted burglary and gave chase; that the appellant and the one jointly charged with him were apprehended within a matter of minutes after the police received the call from a man who lived close to the tavern and who had noticed the car stopping and driving away and then returning to the front of the tavern; and that when apprehended the two men who were jointly charged with the crime were riding in the car which had been described to the police.

A verdict of guilty must be supported by evidence in proof of every element of the offense charged.

*Trainer* v. *State* (1926), 198 Ind. 502, 154 N. E. 273.

It has been held that where reliance is placed on circumstantial evidence, that evidence must be so conclusive in character that it excludes every reasonable hypothesis of the innocence of the accused. It likewise has been held that the above rule is for the guidance of the trial court, and on appeal it is not the duty of this court to weigh the evidence but merely to examine the evidence with a view to determine whether or not there was sufficient evidence to support the verdict of guilty on each of the several elements of the indictment or affidavit. *Henry* v. *State* (1925), 196 Ind. 14, 146 N. E. 822; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601. In the recent case of *Mandich* v. *State* (1946), 224 Ind. 209, 213, 66 N. E. 2d 69, 70, 71, this court said:

> "In the trial court the jury and finally the judge must weigh the evidence with that rule in mind, but in this court a different rule applies. Here, if there is evidence of each essential fact in the chain of circumstances, we cannot weigh that evidence."

The Supreme Court will not disturb the judgment of the trial court where the evidence is such that the jury can reasonably draw an inference of guilt. *Foreman* v. *State* (1938), 214 Ind. 79, 14 N. E. 2d 546; *Smith* v. *State* (1937), 212 Ind. 605, 10 N. E. 2d 899.

The appellant's claim of error is based on an asserted absence of proof of entering. However, there was some evidence on that point, in fact, a witness for the appellant testified that the appellant was not with him at the time that he entered the tavern. This witness was the man who, with the appellant, had been jointly charged with having committed the crime

set forth in the affidavit. He was the one who admitted taking part in the act of breaking the door of the tavern and who had pleaded guilty to the very charge contained in the affidavit upon which the appellant was later tried. The evidence showed that he was aided and abetted by the acts of the appellant in acting as a lookout at the time of the breaking. From the evidence the jury could reasonably have inferred that the one who admitted breaking the door had also entered the tavern. There was ample evidence of the breaking and, as related above, there was evidence from which the inference of entering could have been reasonably reached by the jury.

From an examination of the evidence we conclude that there was sufficient evidence from which the jury could draw the inference of appellant's guilt. The verdict of the jury is sustained by sufficient evidence and is not contrary to law.

The judgment is affirmed.

NOTE.—Reported in 79 N. E. 2d 771.