RAYMER, ALIAS DAVIS *v.* STATE OF INDIANA

[No. 30,408. Filed January 17, 1964.]

*Chester H. Wilson,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

LANDIS, C. J.—This case is an appeal from a judgment entered on a finding of the court convicting appellant of second degree burglary. The error assigned is the overruling of the motion for new trial.

Appellant contends the evidence was insufficient to sustain the court's finding of guilty. To consider this question it is necessary that we review the evidence favorable to appellee (the State) viz:

On May 6, 1962, the Kroger store at 38th Street and Post Road in Marion County, Indiana, was closed at 9:00 p.m. and at such time the doors and windows were in good repair.

At 4:30 a.m. the following morning merchant police officer Knight found the back door of the aforementioned Kroger store forced open and entry made. The officer entered the store and noticed a quantity of cigarettes missing and the drawers of the front office broken into. The officer called for assistance and city police officer Allen drove to the store, entering by the rear door which had been pried open. A search of the store was conducted and thereafter officer Allen noticed the appellant lying 15 feet outside the north side of the store at the rear where the entry had been accomplished. Appellant was lying face down, and when commanded to rise he got up and raised his hands.

Appellant had by his side, before he surrendered to officer Allen, two tire irons, a loaded 32 cal. revolver and a pair of canvas work gloves. A large shipping box containing many cartons of cigarettes taken from the Kroger store was also found just outside the store not more than ten feet from appellant as he lay on the ground. Officer Allen testified that appellant, although not specifically admitting he broke into the store, did state shortly after his arrest that nobody assisted him

in breaking into the store. Appellant further stated to officer Allen that he had paid some fellow $5.00 to bring him to the store, but he didn't know who he was. This was contrary to appellant's testimony at the trial that he didn't know how he came to the Kroger store. Officer Allen stated appellant was neither drunk nor asleep when found by him lying on the ground at the scene.

As to physical evidence there was testimony from officer Allen that the pry marks on the door, which was pried open, were made by the tire tools found at appellant's side when he was apprehended. The manager of the Kroger store testified as to the evidence of breaking and entering, as follows, viz:

> " . . . walking up to the door, which is a double door, the middle piece had been rolled down off, which is bolted on, the padlock had been snapped, also the night lock was dug out of place; . . . going in observing in the middle of the floor was laying a bunch of loose napkins, dumped in the middle of the floor, also, down on the other side was my mail bag, which is a cloth bag, which all my weekend reports go in, strung out across the floor; going on up into the office, there was doors that had been jimmied open."

Appellant has argued there is no direct evidence from the prosecution's witnesses that it was appellant who broke into the store and took the merchandise, viz: cartons of cigarettes found outside by the officers, and that there is a reasonable doubt of appellant's guilt.

It is well settled that convictions of the crime of burglary may be sustained upon circumstantial evidence. *Bradley* v. *State* (1964), 244 Ind. 630, 632, 195 N. E. 2d 347, 348; *Dennison* v. *State* (1952), 230 Ind. 353, 356, 103 N. E. 2d 443, 444; *White* v. *State* (1948), 226 Ind. 309, 311, 79 N. E. 2d 771, 772; *Rucker* v. *State* (1948), 225 Ind. 636, 638, 77 N. E. 2d

355, 356; 2 Ewbanks Ind. Crim. Law, Symmes Ed., §821, p. 498.

The foregoing circumstantial evidence was amply sufficient to prove the corpus delicti of the crime of burglary in the second degree, i.e., that a burglary had been committed by someone. The additional evidence that appellant was found lying face down on the ground just outside the door which had been burglariously entered, with tools at his side identified as having been used in the burglary, in the presence of cartons of cigarettes taken from the store, with a loaded revolver lying at his side, coupled with the appellant's partial admission to the effect that nobody had assisted him in breaking into the store, was amply sufficient in our judgment to connect appellant with the crime and sustain the court's finding of guilty.

The test of reasonable doubt which appellant has referred to in his brief, was for the trial court in weighing the evidence. On appeal it is only our province to determine from a review of the evidence favorable to appellee whether there was substantial evidence to sustain the lower court's finding. It was entirely sufficient in this respect.

Judgment affirmed.

Achor, Arterburn, and Myers, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 195 N. E. 2d 350.