SCHWEIGEL *v.* STATE OF INDIANA.

[No. 30,425.   Filed February 4, 1964.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant and Ted Powell were jointly charged with burglary in the second degree. Apparently the appellant was tried separately. The jury found the defendant guilty and he was sentenced accordingly. He claims error in the overruling of his motion for a new trial.

The only specification therein which we may properly consider is No. 2, which states that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

> Item No. 5 with reference to Instruction No. 14 is waived, since nothing is presented thereon in appellant's brief.

The other items listed in the motion for a new trial are imperfectly presented by reason of not being sufficiently specific for either the trial court or this court to rule thereon. If the errors are based upon questions and objections thereto in the taking of testimony, the specifications do not set out the questions nor the objections. For example, specification No. 1 states:

"The court erred in stating in the presence of the jury that the general rule of law was that one defendant was bound by the statement made in his presence by another."

There is no showing that any objection was made thereto and if objections were made, what the specifications were. *Triggs, etc.* v. *State* (1958), 238 Ind. 260, 149 N. E. 2d 545; *Hammond et al.* v. *State* (1960), 240 Ind. 313, 164 N. E. 2d 640.

We come, therefore, to the consideration of whether or not there is sufficient evidence to support the verdict of the jury. In that respect the appellant contends that there is no direct evidence showing that appellant actually committed the burglary. The State admits this, but says the facts are circumstantial and sufficient for a jury to arrive at the reasonable hypothesis that the appellant was guilty of the crime charged. *Dennison* v. *State* (1952), 230 Ind. 353, 103 N. E. 2d 443.

In reviewing the evidence we may consider only that most favorable to the sustaining of the verdict. We may not reweigh the evidence if there is a conflict. *Schlegel* v. *State* (1950), 228 Ind. 205, 91 N. E. 2d 167; *Dennison* v. *State, supra.*

The testimony in brief shows that a police officer of Greenwood, Indiana received a call and went to Charlie's Texaco Service Station about 5:00 a. m. on October 1, 1962. The call had been placed by a night watchman of a business concern across the street from the service station. When the police officer arrived approximately two minutes later, he found the appellant and Ted Powell in a Pontiac Convertible automobile parked 4 to 5 feet from a broken window in the service station building. He placed both persons under arrest and investigated the premises which, he discovered, had been burglarized. He also found a quantity of mer-

chandise usually kept in a service station, such as Texaco antifreeze, carburetor cleaner, cans of rust inhibitor and two one-gallon gasoline cans, in the automobile which the appellant and Ted Powell occupied. He also found a rifle, a shotgun, a tear-gas cartridge and tire tools therein.

The automobile belonged to Ted Powell. The service station owner identified the merchandise by his handwriting on the price tags and testified that no windows were broken at the time he ended his day's work the previous evening.

Appellant's defense was that he was awakened about 4: 00 a. m. to go hunting with Ted Powell and he got in the car. He fell asleep and did not awaken until the time of the alleged burglary. Appellant admitted that he knowingly had lied during preliminary arraignment because he "thought that might help." Appellant had no hunting license.

The corpus delicti was proved in this case. The Texaco Station was broken into. The appellant was at the scene of the crime and apprehended within 4 or 5 feet of the broken window in the service station. The items of merchandise which were taken from the station were found in an automobile of which he was also an occupant at the same place. The contention that the appellant was not the owner of the automobile places him in no better position than if he were standing with his companion within 4 or 5 feet of the broken window and the same articles of merchandise which were taken from inside the building were stacked on the ground near him.

This case is very similar to that of *Mason* v. *State* (1963), 244 Ind. 206, 191 N. E. 2d 705, where two parties charged with larceny were thereafter arrested

in a car owned by one of the defendants in which groceries alleged to have been taken were found and identified. A similar case is also that of *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759. See also: *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878.

> Possession of recently stolen property is substantial evidence of participation in the unlawful taking. █ *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345.

The State is not required to sustain a charge by direct evidence. It is sufficient if the evidence satisfies the triers of the fact beyond a reasonable doubt. The ██ triers of the fact are not required to accept the defendant's story where his credibility has been impeached or where the evidence leads them reasonably to a contrary conclusion.

The judgment of the trial court is affirmed.

Landis, C. J., Achor and Myers, JJ., concur. Jackson, J., dissents without opinion.

NOTE.—Reported in 195 N. E. 2d 848.