HARRISON v. STATE OF INDIANA.

[No. 30,453. Filed June 1, 1964.]

*James W. Bradford,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction in a criminal case brought by the State of Indiana by affidavit, charging the appellant with second degree burglary under Burns' §10-701(b) (1956 Repl.).

The appellant was convicted as charged and sentenced accordingly. The only error assigned is the overruling of the motion for a new trial, and the only alleged error presented to us is that the verdict was not sustained by sufficient evidence. It is urged in this respect that there is no evidence showing that the appellant broke into the building and structure of the Underwood Corporation, as charged, and that there is no evidence of any intent to commit a felony at the time he entered the structure. It is admitted by the appellant that he was discovered and was arrested inside the building by police officers.

Briefly, the evidence shows that a witness, the branch service manager of the Underwood Corporation, testified that when he left the building on the evening of November 9, 1962, all windows and doors were locked and closed, and that the company kept money locked up in a cabinet in the service department; that when he returned to the building next day he found a window with a lock broken and open where the service department was located. A police officer testified that at about 10:30 p. m. on November 9, 1962 he received a radio dispatch to go to the Underwood Corporation building. When he arrived there with another officer, he found a window open with a bolt on the top of the window displaced, and the appellant was hiding in a restroom. There is no testimony that any of the property of the Underwood Corporation was missing or

found on the person of the appellant. However, upon being interrogated, the appellant stated to a detective sergeant that he broke into the building to get money and asked the sergeant that the charge be reduced to third degree burglary so that he could do the time at the state farm instead of at the reformatory.

We believe from this evidence that the jury could reasonably conclude that the appellant had broken into the building for the purpose of taking money and committing a felony. There was sufficient evidence to support the conviction of second degree burglary in this case. The jury had the right to draw reasonable and logical inferences from the fact that the appellant was hiding or trying to conceal himself from the officers at the time of his arrest. The jury also had the right to draw reasonable and logical inferences from the unexplained presence of appellant inside the building and structure of the Underwood Corporation at approximately 10:30 at night, when it was closed and locked up. *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 350; *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347; *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771.

Although appellant contends that he entered the building through an open door, the jury is not bound to accept appellant's explanation in the face of evidence which could lead them to a contrary conclusion. *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848.

The judgment of the trial court is affirmed.

Achor, C. J., and Myers and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 197 N. E. 2d 770.