HIGGINS v. STATE OF INDIANA.

[No. 30,598. Filed December 8, 1964.]

*Lewis Davis,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant was charged by affidavit with the crime of first degree burglary. He was tried and convicted by a jury of the crime of entering with intent to commit a felony and sentenced accordingly.[1] Appellant assigns as error in this appeal the overruling of his motion for a new trial, which contained only the specifications that the verdict was contrary to law and not sustained by sufficient evidence. For this purpose we must briefly review the evidence under the established principle of appellate review that only the evidence most favorable to sustain the judgment will be considered. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727.

Evidence reveals that on January 26, 1963, Lawrence R. Heck arrived at his home and found Arthur Higgins, the appellant, inside his house, starting down the basement steps. He grabbed the appellant around the neck and held him and said: "I don't know you" and shouted to his son to come. Heck asked the appellant what he was doing, and the appellant answered: "Looking for a job." Heck then said: "That's a hell of a way to look for a job, breaking into a man's

---

1. The included offense of "entering to commit a felony", Burns' §10-704 does not contain the element of a "breaking" as does the burglary statute, Burns' §10-701.

house." He then asked him how he got in and the appellant said: " . . . Through the basement." After some further conversation the sheriff was called and a deputy placed the appellant under arrest. Appellant claimed he had rung the bell at the back door, but the deputy sheriff and Heck at the time found no footprints (there was snow on the ground) around the back door. Appellant wanted to show Heck where his car was, but did not explain why it was parked over on another street (Franklin Road) when there was plenty of room to park at Heck's house. The appellant further stated he had just got out of jail and asked them: "Don't call the law. They'll put me away for good this time."

From this evidence we feel the jury could reasonably have found the appellant guilty of entering the home of Heck with intent to commit a felony. His unexplained presence inside the home, along with his admissions, creates a reasonable inference of guilt. *Harrison* v. *State* (1964), 245 Ind. 336, 197 N. E. 2d 770; *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

Appellant makes the further contention that the trial court committed reversible error in refusing to give defendant's instruction No. 3. We need not set that instruction out here for the reason that appellant has not saved this alleged error by specifying the refusal to give the instruction in the motion for a new trial. *Bays* v. *State* (1959), 240 Ind. 37, 159 N. E. 2d 393.

Appellant, however, makes the plea that this is a pauper appeal and for that reason the proper procedure for raising such alleged error on appeal should be ignored in his case. Our answer to that is that the appellant was assigned competent counsel at public expense at the trial and in the appeal for the purposes of representing him. A pauper has no

greater rights than a person who is not a pauper in trial or on an appeal. A pauper with counsel has no right to a waiver of rules of procedure in his case. To do so would be to discriminate in favor of a pauper as against a person with property. We can find no reason or authority in law for such discrimination. When a pauper is assigned counsel, he must take the consequences of the actions of his counsel, the same as a person who pays for his own counsel. *Bullard* v. *State* (1964), 245 Ind. 190, 197 N. E. 2d 295; *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352.

The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 202 N. E. 2d 569.