MAYDWELL *v.* STATE OF INDIANA.

[No. 30,944. Filed May 25, 1967.]

George R. Brawley, of Fort Wayne, for appellant.

John J. Dillon, Attorney General and Murray West, Deputy Attorney General, for appellee.

MOTE, J.—This appeal comes to us from the Allen Circuit Court, wherein by affidavit Appellant was charged with the offense of second degree burglary. Omitting the formal parts, said affidavit was as follows:

"Undersigned being duly sworn, upon oath, says: That on or about the 1st day of May, A.D., 1965, at the County of Allen and in the State of Indiana, said defendant, Charles James Maydwell, did then and there unlawfully, feloniously and burglariously break and enter into the certain one (1) story brick building and structure of Willie A. Tubbs located at 1831 South Lafayette Street, Fort Wayne, Allen County, Indiana, the same not being then and there a place of human habitation, with intent then and there, therein and thereby to unlawfully and feloniously and burglariously take, steal, and carry away the goods, chattels and personal property of Willie A. Tubs d/b/a Tubbs Cities Service Station, being then and there contrary to the form of the statute in such case made and provided. Subscribed and sworn to before me this 3rd day of May, 1965. Larry J. Burke, Deputy Prosecuting Attorney."

Appellant was arrested, waived arraignment, pleaded not guilty and was tried by the court without the intervention of a jury. At the conclusion of the trial, the court found and decreed that the Appellant was guilty as charged; he was committed to the custody and control of the warden of the Indiana State Prison for not less than two nor more than five years and ordered to pay the costs of the action.

Motion for a New Trial was filed and overruled.

The Assignment of Errors filed in this Court is that the trial court erred in overruling Appellant's Motion for a New Trial.

In substance, the owner and operator of the Tubbs Cities Service Station found the Appellant hiding on the floor of said Station. When the Appellant saw that he had been observed by the owner (all verified by other witnesses), he came to talk with said owner, apparently in an attempt to explain his situation. The owner refused to discuss the matter and called the police officers. Subsequently it was found that a coin box from a vending machine was on the floor and that coins were scattered about. Appellant testified that he, as a customer of the Station, had driven by and noted that the place of business was lighted; that he saw someone inside the building; and that he thought it might be the owner or one of his employees. He further testified that he approached the building, entered the same, called to the owner or attendant and no one answered. He said further that the one whom he saw must have stepped into the bathroom as he approached the Station and that he did not notice the cigarette machine or the money box on the floor until after the person whom he had seen had run from the premises. Appellant testified that he had been arrested previously and convicted for child neglect in 1960 and 1964; that he had been married and was supporting his family of seven children; and that he had been arrested for second degree burglary in 1962 and received a 2 to 5-year suspended sentence.

Apparently Appellant wishes this Court to refuse the pejorative effect of his own testimony and evidence presented to the trial court in relation to the prosecution's testimony and evidence. This task is the sole duty and responsibility of the trial court. In our opinion, the evidence is sufficient to sustain the trial court and although somewhat in conflict, there is ample evidence to support the judgment under the case law of this State.

> As stated in *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212, the general rule is that a conviction will be sustained if there is substantial evidence of the facts essential to support the judgment.

The Indiana Reports are replete with guiding principles in relation to our determination of criminal appeals wherein there is conflict in the evidence or where the conviction is based upon circumstantial evidence. See: *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350.

*Harrison* v. *State* (1964), 245 Ind. 336, 197 N. E. 2d 770, supports what we have said, with the following language:

> "We believe from this evidence that the jury could reasonably conclude that the appellant had broken into the building for the purpose of taking money and committing a felony. There was sufficient evidence to support the conviction of second degree burglary in this case. The jury had the right to draw reasonable and logical inferences from the fact that the appellant was hiding or trying to conceal himself from the officers at the time of his arrest. The jury also had the right to draw reasonable and logical inferences from the unexplained presence of appellant inside the building and structure of the Underwood Corporation at approximately 10:30 at night, when it was closed and locked up. Raymer v. State (1964), Ind. 195 N. E. 2d 350; Bradley v. State (1964), Ind. 195 N. E. 2d 347; White v. State (1948), 226 Ind. 309, 79 N. E. 2d 771."

In the case before us, the Appellant was caught trying to conceal himself, and although he attempted to explain this

situation by advancing the idea that some other person who had escaped had done that with which he was charged, it is evident that the trial court did not believe him. The trial court is vested with the power and duty to determine the issues on conflicting evidence and on the credibility of witnesses. By long standing doctrine, this Court has no authority to place itself in the position of the trial court that saw the witnesses, observed their manner and determined whether or not they should be believed. *Spiker* v. *State* (1966), 247 Ind. 595, 9 Ind. Dec. 181, 219 N. E. 2d 904.

Appellant has presented this Court with no error in the record which would even suggest that he is entitled to relief.

Judgment affirmed.

Hunter, C. J., Arterburn, J. and Myers, J., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 226 N. E. 2d 332.