EASTON *v.* STATE OF INDIANA.

[No. 30,782. Filed July 20, 1967.]

*Charles G. Castor,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Deputy Attorney General, for appellee.

HUNTER, C. J.—This is an appeal from a conviction of Harold E. Easton of the offense of first degree burglary in Marion Criminal Court Division One. The charge was brought by way of affidavit and the issues were drawn upon the appellant's plea of not guilty to said affidavit which is set forth as follows:

> "BE IT REMEMBERED, That, on this day, before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came JOHN ADAMSON who, being duly sworn, says that HAROLD EDGAR EASTON on or about the 24th day of February, A.D. 1964, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the apartment and place of human habitation of VICTORIA JONES then and there situate at 514 East 20th Street, Apartment #6, City of Indianapolis, County of Marion, State of Indiana, in which said Apartment the said VICTORIA JONES then lived, with the intent to unlawfully and feloniously take, steal and carry away the goods, chattels and personal property of the said VICTORIA JONES then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statute defining said offense and penalty therefor is as follows:

> "§ 10-701 Burglary—First, second, and third degrees—Penalties.— (a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or

injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten (10) years nor more than twenty (20) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The cause was submitted for trial before the Honorable Eugene M. Fife, Jr., Judge, without the intervention of a jury. The briefs are silent and present no question of challenge to waiver of the right to trial by jury. Therefore, we will presume the legal propriety of the defendant's waiver of his constitutional right to a trial by jury. The Court found the defendant guilty as charged and sentenced and committed the appellant to the Indiana State Prison for not less than ten (10) years nor more than twenty (20) years. The defendant appearing *pro se* filed his motion for new trial which was overruled by the trial court.

Thereafter the appellant filed a motion for appointment of counsel and for a transcript. The Court granted both requests and appointed Lewis Davis as attorney to represent the appellant on appeal who later upon petition was permitted to withdraw as pauper attorney. The Court then appointed Charles Castor as attorney to represent the appellant on this appeal.

The record of the evidence viewed most favorable to the appellee State of Indiana reveals the following:

On February 24, 1964, the day of the alleged crime, Victoria Jean Jones resided at 514 East Twentieth Street, Apartment Six; Victoria and her sixteen (16) year old nephew, James David Smith, were in the apartment just prior to the time of the alleged crime. At approximately 5:00 or 5:30 P.M., Smith left the apartment to go to the store for his aunt. *When he returned some fifteen (15) minutes later,* his aunt was gone and *he discovered the appellant sitting on a couch watching television in the apartment. The lock was broken off the door. The appellant said to James,* "Guess I'd better go . . .'

*tell her not to lock the door no more." Whereupon he offered to pay for the lock and left showing no haste.* The appellant was arrested at the home of a friend approximately two (2) hours later. There had been *no attempt to flee or hide. No burglary tools or other evidence* were found on his person and *he made no statements when apprehended.*

Victoria Jones testified that she had left shortly after James Smith; that she had locked the door, and that it was in good repair. Also *she stated that nothing had been stolen,* and the *only* noticeable *change* upon her return *was a record player unplugged* with *the records* previously on top of it *having been placed on the floor.*

Appellant argues that the evidence, circumstantial in nature, is not conclusive enough to prove defendant guilty beyond a reasonable doubt. While he admits convictions for burglary have been obtained on circumstantial evidence, the appellant contends the evidence here is inadequate.

The motion for new trial and assignment of error present only a question of the sufficiency of the evidence.

The appellant contends that the affidavit charging him with the crime of first degree burglary presents certain elements each of which is an issuable fact and the State was required to establish the existence of each of such elements of issuable facts beyond a reasonable doubt. We agree with such contention and the elements are as follows:

(1)   that there was a breaking and entering by the appellant;

(2)   that the apartment of Victoria Jones was a place of human habitation; and

(3)   that the entry by the appellant was with intent to to commit a felony.

We hold that the record of the evidence as hereinabove set forth is sufficient to sustain a finding beyond a reasonable

doubt of issuable facts of breaking and entering; and that the apartment of Victoria Jones was a place of human habitation; and as the tenant Victoria Jones was in possession and occupancy of the premises.

First degree burglary under the law requires that the breaking and entering be accompanied by proof beyond a reasonable doubt that the breaking and entering upon the ■ premises be accompanied *by an intent to commit a felony upon entrance.* The appellee, State of Indiana, argues that the appellant's unexplained presence in the apartment with the latch broken and a record player unplugged with the records on the floor creates a reasonable inference of intent *to take something* of value from the premises. The appellee's assertion verges close to the position that the above set of facts raises a presumption of intent beyond a reasonable doubt.

We know of no such rule of law and upon close examination and analysis we do not believe the authorities cited in support thereof sustain such a rule in burglary cases. Further, ■ we are mindful of the fact that the burden of proof of each element must be borne by the State and each issuable fact mut be established by substantial evidence beyond a reasonable doubt.

§ 9-1806 Burns' 1956 Repl. (Acts 1905, ch. 169, § 261) and cases thereunder too numerous to cite provide:

"Reasonable doubt.—A defendant is presumed to be innocent until the contrary is proved. When there is a ■ reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. . ."

The scintilla of evidence rule does not obtain in Indiana and it is a well settled rule that material facts in issue be supported by some evidence of probative value and *this* ■■ *question is one of law* reviewable on appeal. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Nordyke & Mormon Co.* v. *Whitehead* (1914), 183 Ind. 7, 106 N. E. 867.

We construe the rule to be the substantial evidence rule and the test of substantial evidence is whether the trier of the facts could reasonably find the issuable fact beyond a reasonable doubt. *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922. Such rule does not require proof to a demonstrable certainty. However, a material allegation or an issuable fact in a criminal prosecution requires more evidence than proof by a mere preponderance of the evidence.

Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771. While the above rule has been held to be for the guidance of the trial court and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *White* v. *State, supra; Baker* v. *State, supra.*

A careful examination of the cases decided by this Court through the years where convictions have been reversed because they were not sustained by sufficient evidence, indicates that this Court was applying the test of "the substantial evidence rule" in holding that some material element or issuable fact had not been sufficiently proved and therefore no reasonable man could find the issuable fact had been proved beyond a reasonable doubt. *Baker* v. *State, supra; Sylvester* v. *State* (1933), 205 Ind. 628, 187 N. E. 669.

The rule of law defining proof beyond a reasonable doubt is well settled. It requires the trier of the facts to be so con-

vinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own nearest, dearest and most important interests in circumstances where there was no compulsion or coercion to act at all. A prudent man is a reasonable man. If different persons might reasonably arrive at different conclusions from that reached by the trier of the facts the finding and judgment of guilt will not be set aside. However, if no reasonable man could be so convinced by the evidence of the guilt of the defendant beyond a reasonable doubt under such rule and test then the finding and judgment of guilt cannot stand and is not sustained by sufficient evidence. *Baker* v. *State, supra; Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N. E. 528; *Bradley* v. *State* (1870), 31 Ind. 492.

Judge Emmert speaking for this Court in *Baker* v. *State, supra,* quoted with approval as the leading case on the *rule of review,* the case of *State* v. *Gregory* (1936), 339 Mo. 133, 143, 96 S. W. 2d 47 as follows:

" 'Now since the test of substantial evidence is whether a jury reasonably could find the issue thereon, the result must depend in some measure upon the *degree of persuasion required.* In a criminal case liberty and sometimes life are involved, and there cannot be a conviction except upon a finding of guilt beyond a reasonable doubt. Necessarily, therefore, it becomes the duty of an appellate court as a matter of law to decide whether the evidence was sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds of jurors of average reason and intelligence. And in resolving that question *the court* undoubtedly *can pass on the credibility* of the testimony *to* the *extent* of *determining whether it was substantial* in the sense above explained. *In no other way can the rights of the defendant be protected.* It would be an *incongruous situation if the court were compelled to let a conviction stand* as being supported by evidence warranting a verdict of guilt beyond a reasonable doubt, *when for any reason made manifest on the record the court is convinced the evi-*

*dence reasonably could not support a conviction.'"* (emphasis added)

It was then asserted concerning said above quoted rule that "This standard is supported in many jurisdictions." See *Baker* v. *State, supra,* at p. 63 for long line of citations.

With the above rules in mind concerning our duties on review of the sufficiency of the evidence as hereinbefore set forth the record evidence as to the remaining issuable fact before this Court, i.e., the intent to commit a felony upon entering is the gravamen of this appeal.

We have previously stated in essence that the intent to commit a felony in a burglary case is an issuable fact and must be proved under the foregoing rules set forth herein touching "substantial evidence," "reasonable doubt," "sufficiency of the evidence" and the "rule on review" thereof by the appellate courts. The intent being a primary element of the offense of first degree burglary we are of the opinion that such an issuable fact may not be inferred from proof *alone* of the breaking and entering.

In setting forth the evidence in this case we have only stated that evidence which was produced by the State's witnesses and as our reason for so doing, it should be noted as stated by the appellant and revealed in the record, that the trial Judge at the end of the trial stated, "I do not believe a word that the defendant said." Thus, the trial Judge's determination of his view of the credibility of the appellant and the weight of the evidence given by him, to say the least, has considerably narrowed the evidence placed before this Court for review.

Therefore, the only evidence that could conceivably be considered on the question of the appellant's intent is as follows: "sitting on a couch watching television in the apartment"; the record player unplugged and the records placed on the floor; his statement to James Smith "Guess I'd better go . . .

tell her not to lock the door no more"; and the defendant's leisurely department from the premises manifesting "no attempt to flee or hide" and finally the fact that no property had been stolen or taken and no statement or admission was ever made by the appellant that he intended to do so.

The appellee State cites the case of *Higgins* v. *State* (1964), 246 Ind. 62, 202 N. El. 2d 569 as being controlling in this case quoting therefrom as follows:

". . . His unexplained prescence inside the *home along with his admissions* creates a reasonable inference of guilt." (emphasis added)

Cases cited in support of this rule are *Harrison* v. *State* (1964), 245 Ind. 336, 197 N. E. 2d 770; *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

An analysis of the cases cited in support of the rule in the *Higgins* case, *supra*, indicates the following: in the *Harrison* case, the evidence revealed that the Underwood Corporation was broken into when the police officers arrived. *They found a window open* with a *bolt on top the window displaced* and the appellant *was hiding in the restroom attempting to conceal himself from the officers.* While there was no testimony that any of the property of the Underwood Corporation was missing or found on the person of the appellant, *the appellant did state that he broke into the building to get money* and asked the sargent to see if he could not have the charge reduced to *third degree burglary so that he could do time at the State Farm instead of at the Reformatory.* Thus, all of the elements of breaking and entering with intent to commit a felony were clearly and unequivocally demonstrated by the record.

In the *Schweigel* case the police officers in response to a call from the night watchman of a business concern across the

street from Charlie's Texaco Service Station in Greenwood, went to the station arriving two (2) minutes after said call and *found the appellant in company of another* in an automobile *parked four (4) or five (5) feet from a broken window* in said station. He placed the appellant under arrest, made· an *investigation and determined that the premises had been burglarized.* The *appellant had in his possession in the automobile a quantity of merchandise identified* by the *station* owner as being merchandise *that had been* taken from said station. There was found a *rifle, shot gun, tear gas cartridge* and *tire tools* therein. From all of the above circumstances the Court held that the *corpus delicti* was proved and that all of the elements of second degree burglary had been established beyond reasonable doubt.

The record of the evidence in the *Tait* case reveals that a Coca Cola plant in Crawfordsville had been broken into and entered through a wooden overhead folding door which had been pried open and raised about two (2) feet from the floor. When the police officers in response to a signal alarm system arrived minutes after hearing the signal in police headquarters they heard a buzzing and drilling sound, a sound of breaking of bottles and a screen dropped out of a window about eight (8) or ten (10) feet from the ground and the *appellant was seen emerging from said window feet first.* Further investigation revealed that a seven hundred (700) pound safe had been opened with the outside doors ripped and punched open. *An electric drill was sticking out of the inner safe and there was evidence that it had been used in several other places about the safe. A pry bar was lying near the safe which contained a flashlight, screw driver, Allen wrenches, a half inch drill, a pair of pliers and three (3) other drills.* An excessive amount of water was on the floor. A broken vial was attached to the rear of the safe door which vial contained tear gas which would break in the event the safe was punched and that water could be sprayed to minimize the effects of this tear gas. The manager of the plant who

arrived at the plant shortly thereafter stated there was a *blue haze in the office which was apparently caused by tear gas.* The manager testified that *there were records consisting of truck titles, cancelled checks and notes, postage stamps, a railroad ticket, loose change and about $150* in cash received from vending machines all of which were missing from the safe. Other items of clothing were found in and about the premises which enabled identification of the defendant and his accomplice. There was other evidence and other matters in the record which indicated that the issuable facts of breaking and entering with intent to commit a felony were clearly established beyond a reasonable doubt.

Therefor we do not construe the *Higgins* case as enlarging the rule in burglary cases to presumptively establish intent *merely* upon proof of breaking and entering.

It was stated in *Baker* v. *State, supra,* at pp. 59-60, as follows:

> "*If the evidence merely tends to establish a suspicion* of guilt, it is not sufficient to sustain a conviction. *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729; *Todd* v. *State* (1951), 230 Ind. 85, 90, 101 N. E. 2d 922; *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168. *Mere opportunity* to commit crime is insufficient to sustain a conviction. *Osbon* v. *State* (1938), 213 Ind. 413, 424, 13 N. E. 2d 223. '*It is not enough that evidence merely tends* to support the conclusion of guilt, *it must support it.*' *Martin* v. *State* (1897), 148 Ind. 519, 521, 47 N. E. 930." (emphasis added)

For all of the foregoing reasons we are of the opinion that the record here indicates only a "suspicion" of guilt "or opportunity" to commit a felony; and *merely tends* to support and *does not* sustain the conclusion of guilt. *Baker* v. *State, supra.*

We hold that the judgment of the trial court should be reversed. Therefore this cause is remanded with instructions to sustain the appellant's motion for a new trial.

Judgment reversed.

NOTE.—Reported in 228 N. E. 2d 6.