HENRY FELTS *v.* STATE OF INDIANA.

[No. 2-273A44. Filed July 5, 1973.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SHARP, J.—The Appellant was charged by way of Amended Affidavit of the offense of Second Degree Burglary under IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956 Repl.). Said affidavit alleged:

> "BE IT REMEMBERED, That on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came CHARLES EZELL who, being duly sworn, upon his oath says that HENRY FELTS on or about the 17th day of JUNE, A. D. 1971, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of Meyer Samuels, doing business as Samuels Market, then and there situate at 2815 E. 25th Street, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said Meyer Samuels doing business as Samuels Market and to deprive said Meyer Samuels doing business as Samuels Market of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The Appellant was tried for this offense before a jury and found guilty. The Appellant was 31 years of age and was sentenced to imprisonment for not less than two (2) nor more than five (5) years, committed to the Department of Correction for classification and given credit for twenty-one (21) days toward good time conduct.

The only issue stated in Appellant's Motion to Correct Errors, which was overruled, which has been presented here is the sufficiency of the evidence to support the jury's finding of guilt.

We consider the evidence in the light most favorable to the State to determine if this offense has been proven in the trial court beyond a reasonable doubt. *Matthews* v. *State* (1967), 248 Ind. 563, 228 N.E.2d 1. Where the question of sufficiency is raised on appeal we will consider only the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N.E.2d 914.

The incident here involved allegedly occurred at Samuels Market on East 25th Street in Indianapolis in the early morning hours of June 17, 1971. The owner testified that the building was secure and locked at the close of business on the evening of June 16, 1971. There was also corroborated testimony that said building was secured by a simple circuit by the American Alarm Company. At about 1:30 A.M. on June 17, 1971 two Indianapolis police officers were dispatched to said building as a result of said alarm system which had gone off at said store building. One of the investigating officers testified to observing fresh pry marks on one of the doors to said building. The owner categorically testified that the pry marks in question were not there the night before but the owner saw them when he arrived at the building in the early morning of June 17, 1971. The owner also testified that the back door to said building was secured by lock and key, two bars and the alarm system. He stated that someone might push said door in enough and then dislodge the bars. He gave the opinion that such was the only way someone could have gotten into said building. There was testimony that someone had pried open said door. There was also testimony that said rear door was damaged and had to be completely replaced. Within ten minutes of reaching the scene the investigating police officers entered the building and found that there were boxes pushed back in front of the door which "were stacked pretty high".

Upon entry into the building the police first discovered a man named James Earl Edison. The lights in the building

were out at the time these officers entered this building. When the police discovered Edison there was a hammer, crowbar and screwdriver lying "at his knees". About ten minutes later some 12 to 15 feet away the police observed the Appellant hiding on a 12 to 15 foot high freezer. At the time he was taken into custody the police advised the Appellant of his rights. According to the testimony of one of the police officers present:

> "He said that he knew his rights, that he'd been there before, that he was willing to cooperate with the police, he said because they got him. He said you've got me, and I'll cooperate with you."

Appellant also told one of the police officers present that he had been walking down the alley, saw the store door open and went inside. He also told the police officer that he had a car a few blocks away. There is also testimony that the office in said store building was ransacked, that drawers containing money orders, Travelers Express, and change were pulled out. "The back room was a mess," and the items found around the Appellant were in a state of disarray.

*Faulkner* v. *State* (1973), 260 Ind. 82, 292 N.E.2d 594 is a recent expression by our Supreme Court on sufficiency of evidence and is highly relevant here. At 292 N.E.2d 594, 595, 596, Justice DeBruler said:

> "Detective Sgt. Charles Coulardot of the Fort Wayne Police Department testified that he found two windows broken at Rice Oldsmobile when he investigated, but that they were unable to discover if anything in the building was disturbed or missing."
>
> * * *
>
> "There is certainly ample evidence in this record to show that the appellant had entered into Rice's automobile businesshouse without permission of the owners, but there is a lack of sufficient evidence here which would allow the inference that appellant intended to commit a felony therein. Opinions of this Court dealing with similar contentions in this context have found the evidence sufficient when there was some indication of the intruder's intention once in the building. *Easton* v. *State* (1972), 258 Ind. 204,

280 N.E.2d 307 (missing items seen in possession of intruder) ; *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498 (burglary tools in pocket of intruder) ; *Kondrup* v. *State, supra,* (intruder found with store's merchandise in his possession) ; *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N.E.2d 481 (screwdriver found on intruder matched pry marks found on soda machine in building). . . . The evidence presented at the trial in this case failed to produce any facts or circumstances which would allow us to make the necessary inference that appellant intended to commit the felony of theft as charged in the affidavit. There is no evidence that any property of Rice Oldsmobile was missing *or even disturbed in any way.* (my emphasis.) There is no evidence that the appellant had burglary tools or tools that could be used in a burglary attempt. There is simply a lack of indication as to what appellant was doing in the building or what he proposed to do."

\* \* \*

"If the Legislature had intended to punish a breaking and entry by itself, as we have here, they would not have added the second element of specific intent. A reading of the statute clearly indicates that both elements are included. Circumstances such as flight, the carrying of pistols or possible motives do not sufficiently demonstrate the intention to commit the felony of theft in the Rice building."

In this case we have sufficient evidence of felonious intent in precisely those areas where there was a deficiency in *Faulkner*. Here there was evidence that something in the building was *disturbed*. Here there was the presence of *burglary tools*. Here there was evidence that burglary tools could have been used. Here there was evidence of what the Appellant was doing or proposed to do in this building. In short, here there was evidence of the kind of specific intent the Legislature intended in the statute defining this offense.

In *Crawford* v. *State* (1968), 251 Ind. 437, 242 N.E.2d 795, relied on by Appellant, there was no evidence that any property in the garage had been removed or *disturbed* in any way. As indicated, there is an abundance of undisputed evidence of disturbance here.

In *Goodloe* v. *State* (1967), 248 Ind. 411, 229 N.E.2d 626, relied on by Appellant, there was no evidence from which

it could have been inferred that the defendant there entered the building in question at a time when the same was not open to the general public. Not so here.

Neither do we find here the casual nature of unauthorized presence which is found in *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6, also relied on by Appellant.

The jury had a right to infer that Edison and the Appellant were accomplices. In this regard our Supreme Court in *Cline* v. *State* (1969), 253 Ind. 264, 252 N.E.2d 793, 795, said:

"A defendant is responsible for the acts of his confederates as well as his own. It is not essential that participation of any one defendant in each element of robbery be established. Here the appellants acted in unison. Any act of one is attributable to them all." (citing authorities)

In regard to the specific intent required, Judge Jackson, speaking in *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E.2d 502, 505, said:

"In establishing that the breaking and entering was done with the intent to commit a felony, the trier of fact could and evidently did infer this from the evidence adduced at trial. This element could have been inferred from the evidence pertaining to the marks that were made in the metal of the vault door. Complementing this evidence was the evidence pertaining to the presence of tools that could be used as burglary tools. Thus, we cannot say that the evidence was insufficient to establish the inference on the part of the jury that the breaking and entering was done with the intent to commit a felony. It is a well settled principle of law that 'intent' may be inferred from the circumstances which legitimately permit it."

*Harrison* v. *State* (1964), 245 Ind. 336, 197 N.E.2d 770, 771, is a second degree burglary case factually similar to this one. In it Justice Arterburn said:

"When he arrived there with another officer, he found a window open with a bolt on the top of the window displaced, and the appellant was hiding in a restroom. There is no testimony that any of the property of the Underwood Corporation was missing or found on the person of the

appellant. However, upon being interrogated, the appellant stated to a detective sergeant that he broke into the building to get money and asked the sergeant that the charge be reduced to third degree burglary so that he could do the time at the state farm instead of at the reformatory."

\* \* \*

"The jury had the right to draw reasonable and logical inferences from the fact that the appellant was hiding or trying to conceal himself from the officers at the time of his arrest. The jury also had the right to draw reasonable and logical inferences from the unexplained presence of appellant inside the building and structure of the Underwood Corporation at approximately 10:30 at night, when it was closed and locked up."

In another factually similar second degree burglary case Judge Mote, speaking for the court, in *Maydwell* v. *State* (1967), 248 Ind. 270, 226 N.E.2d 322 said:

"In substance, the owner and operator of the Tubbs Cities Service Station found the Appellant hiding on the floor of said station. When the Appellant saw that he had been observed by the owner (all verified by other witnesses), he came to talk with said owner, apparently in an attempt to explain his situation. The owner refused to discuss the matter and called the police officers. Subsequently, it was found that a coin box from a vending machine was on the floor and that coins were scattered about . . . In our opinion, the evidence is sufficient to sustain the trial court . . . there is ample evidence to support the judgment under the case law of this State."

In *Medsker* v. *State* (1968), 249 Ind. 369, 232 N.E.2d 869, our Supreme Court stated that the jury was entitled to consider the appellant's statement to the sheriff of his guilt and that "the jury has a right to give such statement such weight as it sees fit." So it was here.

The Appellant's challenge to the sufficiency of the evidence fails on all the asserted bases and therefore the conviction and sentence should be and hereby are affirmed.

Judgment Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 298 N.E.2d 462.