OLLIE CALVERT *v.* STATE OF INDIANA.

[No. 2-1172A102. Filed June 27, 1974.]

*T. H. St. Clair,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

WHITE, J.—Defendant-appellant Ollie Calvert (Ollie) waived jury and was tried by the court on a two count indictment charging him with (count I) kidnapping and (count II) statutory rape. He was found not guilty of kidnapping but guilty of assault and battery with intent to commit rape "as covered by Count 2 of the Affidavit." He brings us a belated appeal[1] from the one-to-ten-year sentence which was accordingly imposed. We affirm.

The evidence most favorable to the State discloses that on December 21, 1967, at about 2:30 P.M., two girls, both students at Arsenal Technical High School, Indianapolis, were standing near the intersection of Highland and St. Clair Streets, a block east of the school. (As a precaution against further embarrassment we shall refer to them only as "victim" and "cousin".) Four young men in an automobile stopped and offered them a ride. When they refused they were forcibly placed in the car, the victim in the front seat between the driver and another boy, and her cousin in the back seat between the other two boys. After much "driving around", the car was driven into a garage. The driver ordered all others out of the car. He took the victim into the back seat and raped her. Her cousin avoided the same fate because she was menstruating. After some more driving around the girls were released and the incident was reported to the police. The girls were with the men approximately an hour.

---

1. "Post-Conviction Remedy Rule 2
  \*   \*   \*

"SECTION 2.   Any defendant convicted after a trial may petition the appellate tribunal having jurisdiction by reason of the sentence imposed for permission to file a belated appeal where:

(a)  he filed a motion to correct error which was overruled;
(b)  no appeal was perfected for the defendant;
(c)   the failure to perfect the appeal was not due to the fault of the defendant; and
(d)  the defendant has been diligent in requesting permission to file a belated appeal."

The detective sergeant assigned to investigate the case showed the girls some 250 pictures of men from which they chose one as the rapist. He was arrested but when the girls saw him after his arrest they said he was not the man. He was *Willie* Calvert, older brother of the defendant-appellant *Ollie* Calvert. Willie was released and the detective then showed the girls one, and only one, picture, that of Ollie, whose picture was not among the 250 previously shown them. The girls identified Ollie's picture as that of the rapist. He was arrested and when he appeared in municipal court, before court convened, the girls picked him from a group of seven or eight prisoners.

The testimony of at least one of the girls may be read as implying that their viewing of Ollie's picture was accompanied by suggestions from the detective that Ollie was involved in another rape and was probably the guilty party herein. There is also some evidentiary basis for an implication that Ollie's appearance in the municipal courtroom with six or seven other prisoners before court opened was an unfairly arranged lineup designed to insure his identification. However, the evidence most favorable to the State negates those implications.

There was also testimony tending to establish an alibi, but in view of the finding of guilt it is obvious that the trial judge either disbelieved the alibi evidence *in toto* or was able to reconcile the part which was convincing with Ollie's presence at the scene of the crime. We must, of course, give consideration only to the evidence most favorable to the State. *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N.E.2d 374, 25 Ind. Dec. 1; *Carpenter* v. *State* (1974), 159 Ind. App. 373, 307 N.E.2d 109, 40 Ind. Dec. 618.

Appellant attacks the sufficiency of the evidence on the overlapping grounds that (1) the identification testimony is so tainted by the detective's impermissibly suggestive actions that a conviction based on it violates the due process test of *Simmons* v. *United States* (1968), 390 U.S. 377, 88 S. Ct.

967, 19 L. Ed. 2d 1247, and (2) is so insubstantial and lacking in probative value that it violates the proof-beyond-a-reasonable-doubt test of *Easton* v. *State* (1967), 248 Ind. 338, 344, 228 N.E.2d 6, 10-11.

On the evidence most favorable to the State the only basis for the appellant's first contention is the use of the single photograph. That makes the case of *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867, 33 Ind. Dec. 115, particularly pertinent. In that case, as in this:

"The facts presented here indicate that this use of a single photograph was indeed suggestive of the identity of the defendant. That in itself, however, does not dictate that the conviction must be reversed. The rule in such situations is clear that when it is apparent from the circumstances of the case that there existed a sufficient basis, independent of the photograph, for the identification of the defendant then the verdict will not be disturbed. Wilson v. State (1970), [253] Ind. [585], 255 N.E.2d 817; United States v. Cook, 464 F.2d 251 (8th Cir. 1972). Among those circumstances which should be investigated to determine if there is a sufficient independent origin for the identification are the 'length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, opportunity to observe particular characteristics of the criminal.' *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E. 2d 387.

"The record in this case indicates that there existed sufficient basis for identification in spite of the unsatisfactory use of a single photograph." (Id. at 870.)

The crime in *Emerson* was a robbery in which there was an unmasked face to face confrontation of "at least several minutes", but it also appears there were bystanders at the scene who gave Emerson's name to the victim who was thereafter shown the single photograph of Emerson.

In *Dillard, supra,* also a robbery, Dillard was brought back to the scene and shown to the victim who identified him. There the victim "had been face to face with the unmasked robber in the store office for approximately ten minutes and

had ample time to look at his face, clothes and build and hear his voice."

The opportunity of the victim and her cousin to observe Ollie during the hour or so they were together was much greater than in either *Emerson* or *Dillard*. While we disapprove the use of the single photograph and agree with the *Emerson* opinion that "absent an independent basis for identification, [it] would require reversal of the conviction,"[2] the "independent basis" is so clear here that, as in Dillard, "we do not believe that appellant was denied due process of law."[3]

Appellant's argument in support of his second contention also attacks the sufficiency of the identification but on the basis of appellate review rules stated in *Easton* v. *State* (1967), 248 Ind. 338, 228 N.E.2d 6, which is not an identification case. The essence of *Easton* is in this paragraph:

> "A careful examination of the cases decided by this Court through the years where convictions have been reversed because they were not sustained by sufficient evidence, indicates that this Court was applying the test of 'the substantial evidence rule' in holding that some material element or issuable fact had not been sufficiently proved and therefore no reasonable man could find the issuable fact had been proved beyond a reasonable doubt. *Baker* v. *State, supra; Sylvester* v. *State* (1933), 205 Ind. 628, 187 N.E. 669." (Id. at 344.)

What we have already said about the issuable fact here in question, the identification of defendant-appellant, indicates that we have no difficulty in finding that most reasonable men could find defendant's identification to have been proved beyond a reasonable doubt. We cannot, as did the *Easton* court, conclude "that the record here indicates only a 'suspicion' of guilt." (Id. at 349.)

The judgment is affirmed.

Hoffman, C.J., and Buchanan, J., concur.

NOTE.—Reported at 312 N.E.2d 925.

---

2.   287 N.E.2d at 869.
3.   257 Ind. at 288.