**Leon BARNETTE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S00–8612–CR–1018.

Supreme Court of Indiana.

June 30, 1988.

Diane McNeal, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Following a bench trial, appellant Leon Barnette was convicted of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). The trial court sentenced Barnette to thirty years in prison. The sole issue on direct appeal is whether the evidence is sufficient to sustain Barnette's conviction.

In addressing the sufficiency of the evidence, this Court considers only the evidence most favorable to the verdict and any reasonable inferences drawn from that evidence. From that examination, the Court determines whether a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence shows that on January 7, 1985, several members of Barnette's gang discussed the possibility of robbing the Golden Coin Restaurant in Gary. Barnette and three other men later joined the gang at a house located behind the restaurant. One man passed out ski masks and guns to each of the others. They then walked to the Golden Coin, entered one at a time, and robbed the employees and customers. Alfred Wiley, one of the participants, testified that during the robbery he saw Barnette holding a gun and guarding two victims lying on the floor. The robbers shot two people, inflicting serious injuries.

Challenging the sufficiency of the evidence, Barnette argues that his conviction is based on mere suspicion, reasonable opportunity to commit the crime and inferences of guilt gleaned from vague circumstances. Barnette admitted that he was at the house where the men met on the day of the robbery but maintained that he was there only to find a ride to his girlfriend's house. He testified that he went home after he could not find a ride and stayed there the rest of the night.

Appellant cites *Easton v. State* (1967), 248 Ind. 338, 228 N.E.2d 6, in which a witness found the defendant in his aunt's home watching television. The lock was broken off the door and a stereo was unplugged. This Court concluded that the evidence was insufficient to establish that defendant entered with the intent to commit a felony. *Id.* at 349, 228 N.E.2d at 13. By contrast, Wiley directly connected Barnette to the crime. He testified that Barnette received a gun and mask, walked into

the restaurant with the other robbers and stood guard over two victims. The uncorroborated testimony of an accomplice is sufficient to support a conviction. *Strode v. State* (1987), Ind., 506 N.E.2d 28.

In *Engle v. State* (1987), Ind., 506 N.E.2d 3, this Court found the evidence sufficient to sustain a conviction in a situation similar to the one presented. In *Engle*, as in the case at bar, the victim could not identify the appellant and none of the stolen property was found in his possession. The defendant's conviction resulted from the testimony of his accomplices, the trier of fact not having believed defendant's alibi. The same is true in this case. The trier of fact had the benefit of viewing the testimony of both Wiley and Barnette. He believed Wiley. We will not re-judge the credibility of the accomplice's testimony. The evidence supports the trial court's finding of guilty beyond a reasonable doubt.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.