## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1870.

*Hartwell and Widemann, J. J.*

### THE KING *vs.* I.

A VERDICT will not be SET ASIDE in a criminal case " which rests on clear, unconflicting and uncontradicted EVIDENCE."

An INDICTMENT for ENTRY WITH INTENT TO STEAL is supported by EVIDENCE of entry at night, the prisoner running as soon as seen and not offering to explain his entry.

Exceptions from the August Term, A. D. 1870, of the 4th judicial circuit.

Indictment for entering a shop at night with intent to steal. When the evidence at the trial was closed on the part of the Crown, the prisoner's counsel prayed for a non-suit for want of evidence of intent, and excepted to the refusal of this motion. A motion in arrest, for like reason, was denied after the jury had rendered a verdict of guilty, and exception was taken to this ruling. These are the exceptions. The Bill presents the evidence to the effect that the prisoner was found at 9 o'clock in a dark evening standing at the door of the shop; that he ran away as two persons approached, who had been aroused by a noise in the shop ; that he was found to have been absent that evening from his home, and that when examined before the magistrate on the charge of entering with intent to steal, he admitted that he had entered. The point was suggested in the argument that the bill showed no evidence of breaking in, but this point was withdrawn.

S. B. DOLE FOR THE PRISONER.

1. Intent to steal must be proved.

2. There was nothing missing, and merely standing at the

door authorized no inference or presumption of such intent. The fact could naturally be accounted for on any other hypothesis. 2, Arch. Cr. Pr., 308; 2, Bacon's; 1, Russell on Cr., 822.

3. Breaking out without commiting a felony does not make the offence of housebreaking. 2, Arch. Cr. Pr., 275; Rex *vs.* Brice, R. and Ry., 450.

S. H. PHILLIPS, ATTORNEY GENERAL, FOR THE CROWN.

Intention is not often susceptible of positive proof, and can only be implied from overt acts, and every man is supposed to intend the necessary consequences of his acts. Rex *vs.* Farrington, R. and R., 207; Rex *vs.* Hill, 2 Wood., Cr. Cas., 3 and 8; C. and P., 274; Rex *vs.* Brice, R. and R., 450.

OPINION OF THE COURT, BY HARTWELL, J.

The only point for decision is whether there was evidence tending to show an entry with intent to steal. If there was such evidence, the jury are the judges of its sufficiency, and there is no evidence to contradict or conflict with it, or make it inconsistent with the verdict. There is, first, the prisoner's admission that he had entered the shop. No objection was made to the admissibility of this evidence, by reason of improper influences on the prisoner, to arouse his hopes or fears. Care is always needed in accepting such admissions before the magistrate, as they may, especially with a native, intend scarcely more than to acknowledge a mistake or difficulty, or being on the wrong side. But this admission appears to be unexceptionable evidence. The cases of Apuna, at the October Term, 1869, and Keliilike, at the June Term, 1870, are in point upon the admissibility of prisoners' confessions.

The cases cited by the Crown sustain the point made by the prosecution. Evidence of entry alone is not evidence of intent to steal. Standing at the door is not evidence of

entrance.   But the prisoner admitted entry.   It is a signifi-
cant and unusual thing for a person to be in such a place at
such a time, and to run at the approach of others.   True, he
may have run from groundless fears, and may have intended
to commit trespass, or other injury, but this is not consistent
with an innocent or accidental appearance.   But all this
might be true, and yet the intent to steal not exist.   It is
proper to infer the intent from all the surrounding circum-
stances, and accompanying and attendant acts of the prisoner.
The People *vs*. Marks, 4 Parker's Cr. Rep., 154, and
authorities cited by the Attorney General.   The prisoner's
silence beyond his admission of entry, when charged with
breaking with intent to steal is significant, and no doubt
weighed much with the jury.   On such an occasion, a man
naturally would have added some statement of his purpose in
entering, if he had any other than the one which was
charged.

Under the clearly understood law, that the jury alone
judge of the sufficiency of legal evidence, and that this Court
will not set aside verdicts in criminal cases which rest on
clear, unconflicting, and uncontradicted evidence, the excep-
tions can not be sustained.   The judgment must be then
that the exceptions are overruled, and the judgment of the
Circuit Court affirmed.

Honolulu, October 26th, 1870.