## STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT EDSON KAHINU, Defendant-Appellant

No. 4992

August 31, 1972

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

After trial by jury, appellant was found guilty of burglary in the second degree under HRS § 726-1.

The occurrence for which appellant was prosecuted took place in one of the guest rooms of the Waikikian Hotel in Honolulu on January 20, 1970. Testimony at trial revealed the following facts. The registered occupant of the room allegedly burglarized, a Miss Hart, was in the process of returning to her room and opening the door to her room when she discovered appellant standing a few feet within the room. Miss Hart testified that upon inquiring of appellant as to his presence in the room, he responded that it was his room. Subsequently when Miss Hart manifested her intention to call the desk and find out who the correct occupant was, appellant broke away and ran down the hall, exiting from the hotel. There was no testimony indicating that anything was actually taken from the room.

Appellant lived with his parents in the Ilikai Hotel, located

next to the Waikikian on Waikiki beach. He testified that he had been dating an airline stewardess who, when in town, frequently occupied the particular room in question. Appellant maintains that he went to the room, as he had done on previous occasions, hoping to find his friend the stewardess there and that when he entered the room the door was open. At this point he testified that he was about to leave when he was confronted by Miss Hart and a companion, both of whom are stewardesses for the same airline as appellant's friend. The prosecution and appellant's counsel stipulated at trial that if called to testify, appellant's friend would state that she had in the past spent time with appellant socially, that she had occupied the room in question previously and that in the past appellant had appeared at her room in the Waikikian without first calling. Appellant asserts that he ran from the room because Miss Hart and her companion appeared extremely hostile to him due to the paranoia he was at that time experiencing from the effects of having taken L.S.D.

We need not reach the various issues presented on appeal by appellant. After a careful review of the record in this case, we are convinced that the prosecution did not establish a prima facie case for burglary under HRS § 726-1. As such, appellant's conviction must be reversed.

The Hawaii burglary statute, HRS § 726-1, provides that:
Whoever, by night or day, enters the dwellinghouse, room, building, store, mill, warehouse, outhouse, or vessel of another, with intent to commit larceny in either the first or second degree, or any felony, therein, is guilty of burglary.

It is significant that the statute requires both an entry and an intent to commit larceny or any felony therein. In construing the language of the statute, this court has said that "[i]t is . . . an essential element of the crime of burglary under our statute that the entry should be accompanied with an intent to steal, or to commit some felony. . . . The intent is the gist of the offense. Without it there can be no violation of the statute. Thus, proof of the intention to steal or commit

a felony is included in the corpus delicti of burglary, for it is clearly requisite to the proof of either the basic injury or of criminality." *State v. Hale*, 45 Haw. 269, 277, 367 P.2d 81, 86 (1961). The question we are presented with in the instant case is just how much evidence of intent is required as a matter of law for a conviction under the statute.

We recognize that intent in a burglary case can be established by inference from the surrounding circumstances, and accompanying and attendant acts of the person accused. Such circumstances might include, among others, evidence of burglary tools, stolen property, or entry by force. *See State v. Hale, supra*, 45 Haw. at 277-78, 367 P.2d at 86-87. However, evidence of forcible entry alone has been held insufficient to generate an inference of intent to commit larceny.[1] The Hawaii burglary statute does not contain the common law requirement of breaking and entering which in itself would be sufficient to infer the intent element. *See State v. Rood*, 11 Ariz. App. 102, 462 P.2d 399 (1969).[2]

---

[1] In the early Hawaii case of *The King v. I*, 3 Haw. 237 (1870), involving a defendant who made an entry and then ran when confronted, the court pointed out that "[e]vidence of entry alone is not evidence of intent to steal. Standing at the door is not evidence of entrance. But the prisoner admitted entry. It is a significant and unusual thing for a person to be in such a place at such a time, and to run at the approach of others. True, he may have run from groundless fears, and may have intended to commit trespass, or other injury, but this is not consistent with an innocent or accidental appearance. *But all this might be true, and yet the intent to steal not exist*." (Emphasis added.) *The King v. I, supra*, 3 Haw. at 238-39.

The court upheld defendant's conviction because of his omission to state why he was on the premises, stating that "[t]he prisoner's silence beyond his admission of entry, when charged with breaking with intent to steal is significant, and no doubt weighed much with the jury. On such an occasion, a man naturally would have added some statement of his purpose in entering, if he had any other than the one which was charged."

[2] The *Rood* case involved a defendant who entered the premises through an unlocked door, fled when confronted by others, and subsequently lied about the reason for his presence. The court stated that "[w]e distinguish this case from those in which the mode of entry is something more suspicious than simply walking

The trier of fact had the prerogative to question and disbelieve appellant's explanations for his actions in this case. There exists ample evidence to indicate that appellant was in Miss Hart's room without her consent or the consent of the management of the hotel. As indicated previously, however, that is not enough to constitute a prima facie case or the elements of burglary under HRS § 726-1. The totality of the remaining circumstantial evidence in this case is insufficient as a matter of law to establish the requisite element of intent to commit larceny or any felony. Mere presence and flight, under the facts of this case, are simply not sufficient to sustain a conviction of the crime as charged. *See Crawford v. State,* 251 Ind. 437, 241 N.E.2d 795 (1968).

Reversed.

*John S. Edmunds (Mattoch, Edmunds, Kemper & Brown* of counsel) for defendant-appellant.

*Burt L. Snyder,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief), for plaintiff-appellee.

### DISSENTING OPINION OF ABE, J.

The dispositive issue of this case as stated in the opinion by the majority of this court is whether there was sufficient evidence to allow the jury to find that appellant (Kahinu)

---

into a building through an unlocked door. . . .

· . . . .

"We believe the instant case falls outside the limits of providing sufficient proof that defendant intended to commit theft. Presence in the house, failure to answer calls, flight, and even the lies about his presence, while raising the inference that defendant had a guilty mind about something, still does not tend to show what that something was." *Rood, supra,* 11 Ariz. App. at 104, 462 P.2d at 401.

entered the hotel room "with intent to commit larceny . . . or any felony therein." HRS § 726-1. In reversing appellant's jury conviction this court concludes:

"There exists ample evidence to indicate that appellant was in Miss Hart's room without her consent or the consent of the management of the hotel. As indicated previously, however, that is not enough to constitute a prima facie case or the elements of burglary under HRS § 726-1. The totality of the remaining circumstantial evidence in this case is insufficient as a matter of law to establish the requisite element of intent to commit larceny or any felony. Mere presence and flight, under the facts of this case are simply not sufficient to sustain a conviction of the crime as charged. *See Crawford v. State*, 251 Ind. 437, 241 N.E.2d 795 (1968)."

Both of the authorities cited by this court to support this position appear to call for a contrary result.

The facts in *Crawford v. State*, 251 Ind. 437, 241 N.E.2d 795 (1968) do not indicate that the defendant fled or attempted to flee the premises when his presence was discovered. *Higgins v. State*, 246 Ind. 62, 202 N.E.2d 569 (1964) is a case more on point with the case before us. There, the Indiana Supreme Court upheld a jury conviction for burglary where the defendant, upon being discovered, attempted to flee. The defendant also gave conflicting statements as to why he was in the complainant's house. The court stated:

"From this evidence we feel the jury could reasonably have found the appellant guilty of entering the home of [the complainant] with intent to commit a felony." *Higgins v. State*, 246 Ind. 62, 64, 202 N.E.2d 569, 570 (1964).

This court in *The King v. I*, 3 Haw. 237 (1870), upheld the defendant's conviction and, therefore, the language cited by the majority is mere dicta. It may be true that proof of mere entry and flight alone is insufficient to establish entry with intent to steal or commit any felony. However, *The King v. I* case must stand for the proposition that given evidence of the circumstances under which entry and flight were accomplished a jury may find the requisite intent neces-

sary to find a defendant guilty of burglary under HRS § 726-1.

In the instant case, there is circumstantial evidence to the effect that Kahinu fled the hotel room after being confronted. He also gave several conflicting reasons for his presence. In short, the record shows that more than mere flight and entry was proven and the jury could reasonably "infer from all the surrounding circumstances, and accompanying and attendant acts of the prisoner", *The King v. I, supra* at 239, the intent necessary to find appellant guilty of burglary.

I would, therefore, affirm the conviction below.