John GORDON

v.

J. Ellis OVERLADE, Warden Indiana
State Prison.

Civ. No. 2055.

United States District Court
N. D. Indiana, South Bend Division.

Sept. 12, 1956.

John Gordon, pro se.

Edwin K. Steers, Atty. Gen. of Indiana, Robert M. O'Mahoney, Deputy Atty. Gen., of Indiana, for respondent.

PARKINSON, District Judge.

This is a habeas corpus proceeding founded upon a petition alleging that the confinement of the petitioner is illegal because

"his legal and constitutional rights to due process of law were denied in these respects, to-wit:

"(A) That relator's legal rights were violated because he was held in custody to answer the charge against him in Indictment Number 70741 for more than five (5) years without trial.

"(B) That relator's legal rights were further violated because he was placed in jeopardy a second time for the same charge in Indictment Number 75612.

"(C) That relator's legal rights were further violated because he was held in custody to answer the charge against him in Indictment Number 75612 for 22 months without trial.

"(D) That relator's legal rights were further violated because he was held in custody to answer the charges against him in both the aforesaid indictments for more than seven (7) years without trial, all of which was contrary to the law of the State of Indiana because it deprived relator of his legal rights under Section 9–1402 of the Burns' Indiana Statutes which provide that a defendant must be tried within two (2) terms of court or be discharged on his motion.

"(E) That by reason of the aforesaid facts, relator alleges and says that the State of Indiana denied him a fair trial, and that he was deprived of due process of law as it is guaranteed to him under the 14th Amendment to the Constitution of the United States."

Writ was issued. The respondent filed return and answer admitting the material facts alleged in the petition but denying that they constitute an illegal confinement of the petitioner.

The cause was submitted, by agreement of the parties, with the introduction of no evidence except a certified copy of the commitment offered by the respondent and upon that record it is the cause on the merits which now solicits the decision of this court.

As the findings of fact and conclusions of law will appear herein, this opinion will be filed and will so serve.

The petition is grounded entirely upon the alleged denial of due process under the Fourteenth Amendment but the petitioner argues, both orally and in his briefs, that he was denied his constitutional right to a speedy trial, which would violate the Sixth Amendment.

Although this court would be justified in dismissing the petition on the record before the court, we will, however, consider the claims of the petition upon which the petitioner contends his confinement is illegal and void.

■ As to the petitioner's specification (A), the petition shows upon its face that the indictment in Criminal Cause No. 70741 was dismissed by the State of Indiana. The fact that he was never held in custody to answer the charge in that indictment and the fact that the indictment was voluntarily dismissed by the State of Indiana completely eliminates any question of a violation of the due process clause.

■ As to the petitioner's specification (B) the petition alleges that during the pendency of Criminal Cause No. 70741 he was never arraigned, allowed to plead or placed on trial and no proceedings whatsoever were had therein. If there were no proceedings in that cause he was never placed in jeopardy and, therefore, could not have been placed in jeopardy a second time on the charge in the indictment in Criminal Cause No. 75612.

■■ As to petitioner's specification (C), the petitioner was never held in custody to answer the charge in the indictment in Criminal Cause No. 75612. He was in custody of the State of In-

diana serving a sentence for another crime not committed in any connection whatsoever with the homicide charged in either of the indictments, and the bare allegation that he was not tried for 22 months on the indictment in No. 75612 is not sufficient for this court to hold he was denied a speedy trial. There is no evidence in this record as to why he was not tried at an earlier date. The burden was upon the petitioner to show that he desired to and could have been tried before he was. The undisputed facts are that he was indicted in No. 75612 by the Grand Jury of Marion County, Indiana on April 24, 1942. He was arraigned and entered a plea of not guilty on June 11, 1942. He took a change of venue from the Marion Criminal Court to the Boone Circuit Court. After the cause was venued to the Boone Circuit Court he filed a plea of former jeopardy and also filed a motion for discharge, of which disposition had to be made by the court prior to trial. The case was heard by a Special Judge, the Judge of the Clinton Circuit Court, so there must have been a change of venue taken from the Regular Judge of the Boone Circuit Court. He was tried on January 24, 1944, one year and nine months after indictment. From the record as it is before this court with the petitioner charged with the serious crime of first degree murder and the various motions filed by him, as the defendant, he received about as speedy a trial as it was possible for him to receive under the circumstances.

■ As to petitioner's specification (D), the statutory law of Indiana, upon which the petitioner relies, applies only to one who is detained in jail on the indictment. This petitioner was not detained in jail on the indictment in either cause. He was in custody of the State of Indiana in prison serving a sentence for another crime having no connection whatsoever with that charged in the indictments in No. 70741 or No. 75612. The statute did not apply to him. The trial court so found after a hearing and was affirmed by the Supreme Court of Indiana on direct appeal, and we hold that the court was correct and that the statute has no application to one who is not detained in jail on the indictment in question but who is in prison serving a sentence for another crime.

The two indictments are before the court as Exhibits A and B attached to the petition. Although they both charge the same murder they are different in three respects. Two of the differences are technical but the third difference could constitute a vital and substantive change. The indictment in No. 70741 charged four defendants, of which this petitioner was one, with shooting Harry Ploch with a pistol then and there loaded with gunpowder and metal bullets, "then and there held in their hands". This indictment was dismissed by the State of Indiana. The indictment in No. 75612 charged the same four defendants with the same murder but eliminated the words "then and there held in their hands". Perhaps during the pendency of No. 70741 the Prosecuting Attorney learned that he could not prove that the pistol was in the hands of all four defendants but in the hands of only one defendant and upon trial such a variance might be fatal and the defendants go acquit. There are many valid reasons why the State of Indiana would be justified in dismissing an indictment and re-submitting the matter to a Grand Jury and if the Grand Jury voted to return an indictment to draft an indictment which would be sufficient under the evidence to be introduced.

This court is not holding that the State of Indiana, in order to avoid discharge of the defendant under the 2 or 3 term without trial statute can dismiss and refile, nor can the State of Indiana do the same thing to avoid denial to the defendant of his constitutional right to a speedy trial, but there is no showing here by the petitioner, upon whom rests the burden of proof, that such was the reason for the dismissal of No. 70741. The fact is the record shows to the contrary and the dismissal of No. 70741 being for an apparent valid reason such dismissal ter-

minated that proceeding and eliminates any meritorious contention by the petitioner arising therein or therefrom.

■ As to No. 75612, we hold that it is impossible to fix a definite time within which a defendant in a criminal case must be placed on trial to satisfy the Sixth Amendment to the Constitution of the United States. It all depends upon the court in which he stands charged and the circumstances involved. What would constitute a speedy trial in one court might not apply to another court with a heavy criminal trial calendar and a tremendous backlog of criminal litigation and what might constitute a speedy trial in one case where the cause was at issue on a plea of not guilty with no other pleadings filed would not apply to another case in the same court where many pleadings were filed by the parties and much time had to be consumed in the disposition of the legal questions raised thereby before trial could be had.

This court holds that even if the question were properly raised by the petitioner he was not denied a speedy trial under the Sixth Amendment to the Constitution of the United States.

There is nothing in this record from which this court could even infer that the petitioner did not have a fair trial in the Boone Circuit Court. He was tried under an indictment charging him with first degree murder and was convicted of manslaughter. He appealed from his conviction to the Supreme Court of Indiana and his conviction was affirmed. He was accorded due process of law under the Fourteenth Amendment to the Constitution of the United States.

From the record this court knows what happened just as surely as the petitioner himself does. He was in prison serving a sentence for another crime. He not only did not want a speedy trial on the first degree murder charge he never wanted to be tried at all, but his one desire and fervent hope was that if there was a possibility of trial that two terms of court would pass and he could be discharged on his motion under the Indiana statute. When this happened and

his motion was denied by the Boone Circuit Court because the statute did not apply in his case he then took the position that he had been denied his constitutional right to a speedy trial, which was the very last thing that he wanted and which he tried in every manner he could to avoid. That position ascends to heights of absurdity apexed only by a defendant charged with the murder of both of his parents pleading for mercy because he is an orphan.

■ The petitioner has not been denied his right to due process of law as guaranteed to him under the Fourteenth Amendment, as he contends; the prayer of his petition is denied; his petition is dismissed; the respondent is discharged from the writ, and the petitioner is remanded to the custody of the respondent.

The clerk will enter judgment accordingly at the costs of the petitioner.