BYRD *v.* STATE OF INDIANA.

[No. 30,468. Filed March 5, 1965.]

*James Howard Byrd, pro se.*

*John J. Dillon,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant has petitioned for a belated appeal. We have granted a number of extensions of time for that purpose.

The record shows that the petitioner was found guilty after a jury trial on May 14, 1963 of inflicting physical injuries with a deadly weapon while attempting to commit a robbery. As a pauper, he was furnished counsel during the trial. His attorney filed a motion for a new trial, which was overruled. Thereafter, the court appointed Earl C. Kline, an attorney of Jackson County, for the purposes of making an appeal to this Court. Thereafter Mr. Kline became ill and later died. The time within which to take an appeal had expired, and

thereupon this Court directed the Public Defender to show cause why he should not represent the appellant in a belated appeal. The Public Defender has made his report, along with a transcript which was made of the evidence, and states he has searched the record to determine whether he could find any merit for such appeal.

The motion for a new trial, which is part of the record herein, was predicated on error of law occurring during the trial. One of the alleged specifications was that prejudicial evidence was erroneously admitted during the trial to the effect that the defendant had committed other crimes besides the crime for which he was charged. An examination of the record reveals that this was evidence which showed that the automobile and the revolver which were used in the crime charged had been obtained by appellant, the defendant below, by stealing the automobile the day prior to the crime and breaking into a building to get the gun. We think this is competent evidence. It is always proper to show that the instruments used in a crime were owned or possessed by the defendant. Corroborative evidence of how and where he obtained such instruments is certainly proper. There was no error in the admission of this testimony.

We further find that the court, in its instruction number 13, specifically instructed the jury to disregard any evidence of the commission of crimes other than those charged in the affidavit.

The only other error alleged in the motion for a new trial is the refusal to give the defendant's tendered instruction number 11, which was to the effect that the crime of inflicting an injury while attempting to commit a robbery included lesser offenses which were therein set out. We find the court's instructions 1 to 5, both inclusive, clearly cover all the lesser offenses.

"It is well settled that refusal of an instruction, although a correct statement of the law, is not error when the subject matter thereof is substantially covered by another instruction." *Warren v. State* (1963), 243 Ind. 508, 519, 188 N. E. 2d 108, 113.

We can find no error committed by the trial court.

The Public Defender further furnishes a letter of petitioner's trial counsel as an exhibit, which in part states:

"In my opinion there is no reversible error in the record of this case and certainly an appeal could not be successfully prosecuted in which the sufficiency of the evidence would be called into question.

"The only possible grounds for appeal would be the admission of certain evidence against the defendant and possibly upon an instruction covering included offenses."

After a careful review of the record and the alleged errors for an appeal, we can find no error committed by the trial court and can find no grounds for a belated appeal.

The petition is denied.

Jackson, Myers, Landis and Achor, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 651.