WILLIE LOUIS HOLLOWAY AND VICTOR ROBERT BREWER, ALIAS JESSE E. BROOKS v. STATE OF INDIANA.

[No. 2-1072A90. Filed September 11, 1973. Rehearing denied September 25, 1973.]

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

SULLIVAN, J.—Defendants-Appellants were convicted of second degree burglary. They appeal upon the following allegations of error:

(1) A fatal variance between the evidence and the affidavit allegation identifying the premises burglarized.

(2) Failure to prove that defendants were guilty of "breaking and entering" in that although padlocks on the premises had been cut, no instrument or tool sufficient to effect such cutting were found or connected to defendants.

(3) State's Exhibit A, consisting in part of $18.37 in change taken from the person of Defendant Holloway was inadmissible in that it was seized pursuant to an unlawful arrest.

(4) Failure to prove a proper chain of custody as to State's Exhibit A.

### EVIDENCE SUFFICIENTLY IDENTIFIED THE BURGLARIZED PREMISES AND WAS NOT AT MATERIAL VARIANCE WITH THE AFFIDAVIT

The amended affidavit herein charged defendants with burglarizing "the building and structure of Lonnie Taylor doing business as Speed Queen Laundromat, then and there situate at 2705 North College Avenue. . . ." Although Taylor in testifying, referred to the business as "Speed Wash", he pinpointed its location at 2705 North College Avenue. Despite the proprietor's use of a euphemism with respect to the proper name of his busi-

ness, the identity of address coupled with defendants' own testimony indicated an understanding that the premises in question was one and the same as that alleged in the affidavit. Defendants were not misled in the preparation of their defense nor were they prejudiced by the alleged "variance". See *Buckley* v. *State* (1970), 254 Ind. 621, 261 N.E.2d 854. As provided in IC 1971, 35-1-23-26, Ind. Ann. Stat. § 9-1127 (Burns 1956):[1]

> "No indictment or affidavit shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment or other proceeding, be stayed, arrested or in any manner affected for any of the following defects:
>
> \* \* \*
>
> "Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

## EVIDENCE WAS SUFFICIENT TO PROVE SECOND DEGREE BURGLARY BY DEFENDANTS

The offense of second degree burglary is committed by one who breaks and enters into any building or structure other than a dwelling house or other place of human habitation with the intent to commit a felony therein. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701(b) (Burns 1956). The evidence most favorable to the State discloses that on the evening of March 14, 1972, Lonnie C. Taylor owned and operated a laundromat at 2705 North College in Indianapolis. Its equipment consisted of washing

---

1. IC 1971, 35-1-23-26, Ind. Ann. Stat. § 9-1127 (Burns 1956) was repealed and superseded by Pub. L. No. 325, § 5(a) (April 23, 1973.), 2 Acts 1973 Ind. 1778. The new sections [§ 5(a) and § 5(a)(9)] read as follows:

"Sec. 5. Amendment of charge. (a) An indictment or information which charges the commission of a crime shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

\* \* \*

"(9) Any other defect which does not prejudice the substantial rights of the defendant."

machines and a variety of other machines, e.g., coin changers. Taylor testified that an attendant under his supervision closed and secured the establishment between 9:00 and 9:30 that evening by locking the front and rear doors with padlocks, and that the locks were checked by Taylor to make sure that they were secure. At approximately midnight of that evening Police Officer Paul Harden received a radio run concerning two negro males breaking into a coin machine at the laundromat at 2705 North College. When he got to that address, Harden, from a distance of about twenty yards, observed defendants step out of the front door of the premises and start to walk south on College Avenue. He asked both Brewer and Holloway to stop and told them to step up against the police car. Brewer complied with their request but Holloway continued to walk. Officer Harden told Holloway to stop, that he wanted to make an investigation and then Holloway would be free to go on his way. Holloway told Officer Harden that he would have to shoot him and he was going to keep on walking. At that time another police car pulled up and stopped. Holloway did not stop until the second police car pulled up. A "pat-down" search was made of Holloway and Officer Harden felt a large amount of change in Holloway's pocket. The change in Holloway's pocket consisted of five dollars and thirty-five cents in nickels, twelve dollars and ninety cents in dimes and two cents in pennies for a total of eighteen dollars and thirty-seven cents.

Officer Harden observed that the laundromat front door was standing open, and a cut padlock was by it. The front part of a coin machine was taken off, and damaged parts were on the floor. The lock for the rear door was also cut and on the floor. When the owner, Lonnie Taylor was notified of the break in, he returned to the establishment and noticed in addition that two locks were cut off of the changer. He did not give anyone permission to cut any locks. Taylor also discovered the next morning that nickels and dimes were the

only items missing from the changer, and the quarters were in a secret compartment of which burglars would not have knowledge. He also noticed that seventeen or eighteen dollars in nickels and dimes which should have been in the machine were not there. Nothing was missing from any of the other machines in the establishment.

It is the position of appellants that the absence of evidence concerning tools which could have cut the locks is fatal to the convictions in that the element of "breaking" into the premises was not proved.

The evidence of record, though in part circumstantial was sufficient to establish beyond a reasonable doubt in the mind of the trier of fact each essential element of the offense, including "breaking and entering". See *McMinoway v. State* (1973), 260 Ind. 241, 294 N.E.2d 803; *Taylor v. State* (1972), 259 Ind. 25, 284 N.E.2d 775; *Coleman v. State* (1971), 257 Ind. 541, 275 N.E.2d 786; *Cravens v. State* (1971), 257 Ind. 381, 275 N.E.2d 4; *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381; *Carlin v. State* (1970), 254 Ind. 332, 259 N.E.2d 870.

## APPELLANTS CLAIM THAT SEIZURE OF EVIDENCE RESULTED FROM UNLAWFUL ARREST IS WITHOUT MERIT

Appellants' Motion to Correct Error does not contain any assertion with respect to the legality of the arrest nor does their brief cite any authority in support of the naked conclusion that the $18.37 in change found upon the person of Holloway was the fruit of an illegal search and seizure. Be that as it may, the circumstances here considered clearly demonstrate probable cause for the arrest of the appellants and for the pat-down of Holloway which disclosed the evidence in question. *Mentzer v. State* (1973), 156 Ind. App. 295, 296 N.E.2d 136; *Walker v. State* (1973), 155 Ind. App. 404, 293 N.E.2d 35; *Mann v. State* (1973), 155 Ind. App. 267, 292 N.E.2d 635.

## APPELLANTS' ALLEGATION THAT STATE DID NOT PROVE CHAIN OF CUSTODY OF EXHIBIT IS REJECTED

State's Exhibit A was admitted over the objection of defendants. The objection went solely to the matter of a valid search, although during the course of the testimony of the police officer who identified the Exhibit defendants asked preliminary questions with respect to the chain of custody. The asserted error may therefore be considered as waived. *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667.

In any event, the arresting officer testified as follows:

"Q. Officer, I'll hand you what's been marked for purposes of identification as State's exhibit A and the contents therein and ask if you can tell me what this purports to be?

\* \* \*

"A. It's a paper sack containing two bill folds, miscellaneous papers, and eighteen dollars and thirty seven cents in nickels and dimes and I believe two pennies.

Q. And prior to this day in Court had you seen these items before?

A. Yes, I have.

Q. Where did you see them?

A. The change is the change that I recovered from Mr. Holloway on the night of the fourteenth, the two billfolds, miscellaneous papers are the billfolds and papers that I removed from Mr. Holloway and Mr. Brewer, the same night."

The items contained in State's Exhibit A were clearly and specifically identified. The arresting officer testified that the items comprising the exhibit were the identical items removed from the possession of the defendants at the time of their arrest. That identification sufficiently connected the items with the burglary so as to render the evidence relevant and admissible. The exhibit items by their nature and by virtue of the testimony accompanying their ad-

mission were not subject to a valid "chain of custody" objection. See *McMinoway* v. *State, supra.*

For the reasons herein stated, the judgment below is affirmed.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 300 N.E.2d 910.