JAMES BEARD *v.* STATE OF INDIANA.

[No. 2-1173A259. Filed May 15, 1975.]

*William Levy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—James Beard appeals from a jury conviction for Second Degree Burglary. He argues that the evidence was insufficient; that a fatal variance exists between the charging affidavit and the proof; and that his motion to dismiss based on former jeopardy was erroneously denied.

At two o'clock on the morning of January 21, 1973, Indianapolis police officers responded to a burglar alarm signal from the 7-11 Food Store at 2947 North Sherman Drive. Officer Bosly, who was the first to arrive on the scene, observed through the front window a black male crouching behind the counter. The suspect then ran towards the rear of the store. Officer Bosly ran around the store and observed that a large ventilation grill in the back of the store had been forced in, allowing entry into the store.

When more officers arrived, they entered the store. There was a small office at the front of the store set off by a 3' high partition. A drawer in that office was found open. Towards the rear of the store an interior vent showed signs of being forced and a small interior window had been broken.

The officers found Beard lying on a ledge in the store room at the rear of the store. He had $409.00 in his pocket, $400.00 of which was in tens and twenties. The officers testified that Beard had been drinking, but was not intoxicated. After being

advised of his rights, Beard stated that he did not know how he had gotten into the store; that $300.00 of the money was from his paycheck; and that the other $109.00 he had found lying in an aisle of the store.

The assistant manager of the store testified that he had closed the store shortly after 11:00 P.M. on January 20. The vent at the rear of the store was intact when he last checked it. The drawer found open following the burglary had contained ten and twenty dollar bills from the day's receipts; he had closed it before leaving. Neither he nor the vice-president of the corporation was acquainted with Beard.

The affidavit charging Beard with second degree burglary, as amended, alleged that Beard on the 20th of January had broken and entered the building of "7-Eleven Food Stores, Inc.", and recited the address of the store. Apparently, after the bind over from Municipal Court, duplicate affidavits were filed in both Division 2 and Division 4 of the Criminal Court.

The trial below began on April 23, 1973 in Criminal Court Division 4. Beard then moved for dismissal, alleging that the existence of the "other" cause in Division 2 constituted former jeopardy. The motion did not allege that jeopardy had attached in the other proceeding. The trial court denied the motion upon the prosecutor's representation that the Criminal Court 2 cause had been dismissed upon defendant's motion prior to jeopardy having attached.

At trial, it was revealed that the affidavit was erroneous in that the actual name of the corporation was "Seven-Eleven Super Market Inc." and not "7-Eleven Food Stores, Inc.". Moreover, since Beard was apprehended after midnight, a reasonable inference could be drawn that his entry was also after midnight, and thus was not on the 20th as alleged, but rather on the 21st. Beard cited these variances in his motion for a directed verdict, which was overruled by the court.

# I
## EVIDENCE WAS SUFFICIENT TO SUSTAIN THE CONVICTION

In *Cook* v. *State* (1972), 258 Ind. 667, 284 N.E.2d 81, 84, the elements of second degree burglary were defined by the Supreme Court as:

"(a) breaking and entering into (b) any building other than a dwelling house (c) with the intent to commit a felony therein."

The fact that Beard was within the building demonstrates his entry. His only logical means of entering the building as per the evidence, was through the displaced rear vent. This evidence is sufficient to show a "breaking". *Goodrich* v. *State* (1973), 158 Ind. App. 416, 302 N.E.2d 885, 887.

Beard asserts that there is no evidence that, when he broke and entered the buildings, he possessed the requisite intent to steal. The evidence established that following his forcible entry, Beard took at least $109.00, which he claimed was lying in the aisle. The money drawer had been opened, and interior windows and vents had been pried open. Upon seeing a police officer, Beard fled. When his exit through the vent was blocked, he attempted to hide in a back room.

Intent to commit a felony may be inferred from the circumstances. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E. 2d 502. The evidence here is supportive of a finding that Beard entered with the intent to steal the money. *Maydwell* v. *State* (1967), 248 Ind. 270, 226 N.E.2d 332; *Higgins* v. *State* (1964), 246 Ind. 62, 202 N.E.2d 569; *Harrison* v. *State* (1964), 245 Ind. 336, 197 N.E.2d 770.

*Crawford* v. *State* (1968), 251 Ind. 437, 241 N.E.2d 795, a 3-2 decision cited by Beard, is distinguishable. In *Crawford,* several windows had previously been broken and there was therefore no conclusive evidence of forcible entry. The evidence was unclear as to whether Crawford was attempting to hide when discovered. There was no evidence that any

property in the building had been removed or disturbed in any way. Thus, the reversal in *Crawford* does not compel a similar result here. The evidence of record in this case was sufficient to convict Beard of second degree burglary.

## II
### THE VARIANCE BETWEEN PROOF AND AFFIDAVIT WAS NOT FATAL

At trial, although the address given was the same as that in the affidavit, the name of the market was different:

"7-Eleven Food Stores, Inc." in the affidavit, "Seven-Eleven Super Market Inc." in trial. Beard alleges this to be a material variance compelling reversal. It is not. *Holloway* v. *State* (1973), 157 Ind. App. 496, 300 N.E.2d 910.

As to Beard's argument that the misstatement of the date requires reversal, it is well established that in burglary prosecutions:

"The State does not have to prove the particular date alleged in the indictment or affidavit so long as it is within the period of the statutes of limitation, since time is not of the essense of the particular offense involved." *Hammond* v. *State* (1960), 240 Ind. 313, 315, 164 N.E.2d 640.

The alleged variances do not warrant reversal.

## III
### ALLEGED DOUBLE JEOPARDY DOES NOT REQUIRE REVERSAL

Beard argues that once the existence of the proceeding in Criminal Court 2 was shown by his motion to dismiss, the State had the burden of establishing by competent evidence that the other cause had been dismissed prior to the attachment of jeopardy. This burden cannot be met, he asserts, merely by a representation to that effect made by the Prosecutor.

This issue was not presented in Beard's Motion to Correct

Errors. It is therefore not before us on appeal. *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227; *Lipps* v. *State* (1970), 254 Ind. 141, 258 N.E.2d 622.

However, Beard would profit little if we were to reach the merits of his claim in this regard. As our Supreme Court stated in *Headlee* v. *State* (1929), 201 Ind. 545, 549-550, 168 N.E. 692, 694:

> "[T]he pendency of a criminal prosecution against the defendant in another court where jeopardy had not attached would not have been available to defeat a prosecution in a court of competent jurisdiction."

*See also Gordon* v. *Overlade* (N. D. Ind. 1956), 143 F.Supp. 577.

The burden of proof is upon the defendant in establishing a defense of former jeopardy. *Ford* v. *State* (1951), 229 Ind. 516, 98 N.E.2d 655, cert. denied, 342 U.S. 873, 72 S. Ct. 116, 96 L.Ed. 656. Beard neither alleged nor proved that jeopardy had attached in the Criminal Court 2 cause.

The judgment is affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 327 N.E.2d 629.