WILBERT ALEXANDER *v.* STATE OF INDIANA.

[No. 1-675A106.   Filed January 28, 1976.]

*Stephen C. Haas,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Appellant Wilbert Alexander was tried before a jury and convicted of the crime of theft of property valued at less than one hundred ($100) dollars. Alexander now appeals his conviction, presenting the following issues for review:

I) Whether it was error for the trial court to overrule Alexander's motion for a directed verdict which was made at the close of the State's case.

II) Whether the trial court erred in admitting into evidence testimony of other similar offenses.

III) Whether the trial court improperly denied Alexander's motion to strike all testimony of other similar offenses and admonish the jury to disregard such testimony.

## FACTS:

Robert Cox, manager of the Four Seasons Motel in Posey County, stated that Alexander registered at the motel on January 31, 1974. Alexander signed the registration card as "C. W. Williams," gave a Gary, Indiana, address, and stated the make of his car to be a 1971 Chevrolet, license number "82D8116." The following day, the television set from the room assigned to Alexander was found to be missing.

A passing motorist also testified that on the evening of January 31, 1974, she observed two people carrying a television out of one of the rooms at the Four Seasons Motel.

In addition, there was testimony from managers of three other motels that Alexander had registered at each of the motels under an assumed name; had given a Gary address; stated the make of car driven to be a 1971 Chevrolet; and, on at least two occasions, had given the same incorrect Indiana license plate number as was given on the Four Seasons Motel registration card. Each manager testified that the room occupied by Alexander contained a television set when Alexander checked in, but that it was missing the following day.

I

Alexander first argues that it was error for the trial court to overrule his motion for a directed verdict because there existed at the time of the motion a fatal variance between pleading and proof.

It is Alexander's contention that while the charging information states the owner of the property to be the "Four Seasons Motel," the proof is that the television was owned by the Four Seasons Motel, Inc. Alexander argues that the above discrepancy is a fatal variance, and that the variance

prejudiced him by misleading him as to the nature of the charges.

We do not find Alexander's argument persuasive. Throughout the trial, there was reference to only one "Four Seasons Motel." Further, there was never any suggestion that there were or are other motels with similar names, and there was never any dispute as to the location of the motel named in the charging information.

Although Alexander refers us to one case in support of his argument, he does not inform us as to precisely how the above variance misled him in the preparation of his defense. Absent such articulation, and given the nature of the variance we find no error in the overruling of Alexander's motion. *See, Beard* v. *State* (1975), 164 Ind. App. 210, 327 N.E.2d 629, 631; *Holloway* v. *State* (1973), 157 Ind. App. 496, 300 N.E. 2d 910.

## II - III

Alexander next claims the trial court erred in allowing the introduction of evidence concerning offenses other than the one with which he is charged. Alexander contends that the testimony of the three motel operators, who related that televisions were missing from motel rooms occupied by Alexander, was irrelevant and highly prejudicial.

The long-standing rule in this State is that evidence of separate and distinct offenses is generally not admissible. Equally as old as the rule, however, are the exceptions that such evidence may be admissible to show intent, motive, purpose, identification or common scheme or plan. In allowing such evidence in certain instances, the court seeks to permit the full disclosure of all relevant facts which have some probative value, not for the purpose of showing the defendant to be a "criminal-type," but to present to the trier of fact all evidence which tends to prove that the defendant committed the crime charged. *See, Schnee* v. *State* (1970), 254 Ind. 661, 662, 262 N.E.2d 186, 187;

*Hartwell* v. *State* (1974), 162 Ind. App. 445, 321 N.E.2d 228. In *Watts* v. *State* (1950), 229 Ind. 80, 103, 95 N.E.2d 570, our Supreme Court quoted from *Smith* v. *State* (1939), 215 Ind. 629, 634, 21 N.E.2d 709, 711 in stating that:

> "Appellants also object to the introduction of certain evidence relating the commission of other and separate crimes from the one charged in the indictment. This evidence was that window fronts of other barber shops had been broken by appellants. This type of evidence has been questioned many times in the courts. It has been uniformly held that when the act constituting the crime has been established, then any evidence tending to show motive, intent, or guilty knowledge, if in issue, or any evidence which directly or, as a natural sequence, tends to show the defendant guilty of the crimes charged, is competent although it tends to show him guilty of another and distinct offense. It is the probative value of such evidence to prove the crime charged that makes the evidence admissible and not the fact that it proves or tends to prove the defendant guilty of other crimes. . . .

> "Where the circumstances surrounding the offenses other than that charged are of a similar nature, showing use of similar or peculiar instrumentalities in the commission of each offense, or employment of a uniform scheme or method, evidence of such offenses is both relevant and material and is admissible as having probative force to prove the defendant guilty of the particular crime charged. *Peats* v. *State* (1938), 213 Ind. 560, 12 N.E. (2d) 270; *Gears* v. *State, supra; Dotterer* v. *State* (1909), 172 Ind. 357, 88 N.E. 689." *See also, Fenwick* v. *State* (1974), 159 Ind. App. 311, 307 N.E.2d 86, 89; *Thompson* v. *State* (1974), 162 Ind. App. 381, 319 N.E.2d 670, 671; *Layne* v. *State* (1975), 164 Ind. App. 486, 329 N.E.2d 612, 617; *Fry* v. *State* (1975), 165 Ind. App. 1, 330 N.E.2d 367, 371.

As the evidence set forth above indicates, the testimony of the motel operators detailed a sequence of events nearly identical to the facts relating to the present charge. In addition, the similar offenses were closely related to the instant offense in both time and distance. It is our opinion that the trial court properly admitted the evidence of the three similar offenses. The testimony plainly discloses a "uniform scheme or method," and inasmuch as Alexander

pled not guilty, the evidence was relevant to the issues of, at least, identity, intent and design.

We find no error in the admission of such evidence, nor in the overruling of Alexander's motion to strike.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 340 N.E.2d 366.