**Arthur WILLIAMS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S228.

Supreme Court of Indiana.

April 25, 1986.

Robert R. Garrett, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Arthur Williams was convicted after trial by jury of two counts of robbery, class B felonies, Ind.Code § 35-42-5-1 (Burns 1985 Repl.), and was sentenced to two concurrent terms of imprisonment of 15 years. The sentence imposed for the conviction on Count I was enhanced by 30 years upon the jury's determination that Williams is a habitual offender.

In this direct appeal, Williams argues that reversible error occurred when a State's witness was allowed to refer to appellant's arrest in explaining how police seized certain items connecting appellant with the robberies. He claims that neither the items seized nor the testimony about his arrest should have been admitted into evidence.

We affirm.

The facts which tend to support the judgment of conviction are as follows. At approximately 10:40 p.m. on March 24, 1984, Theodore Maris was working at the desk of his father's hotel in Hammond when appellant approached him and asked about a room. As Maris began preparing a registration card, appellant pulled a gun and ordered Maris to hand over his money.

After appellant left with the hotel's cash, Maris reported the robbery to police and described appellant, his clothing, his sunglasses, and his .45 calibre automatic gun.

Two nights later, appellant came back to the hotel, pointed the gun at Maris, and declared, "Give me the money again." Maris said Williams was using the same gun and wore the same sunglasses as in the first robbery.

The police had no suspects in the robberies until Williams was arrested two nights later on an unrelated charge. The sunglasses and the gun were seized from the car in which Williams had been a passenger.

Later, Maris chose appellant's photograph from an array, and he positively identified him in court as the robber. Officer Hinojosa testified about the events leading to the seizure of the incriminating items. He was *not* allowed to testify that his initial arrest of Williams was in connection with an unrelated gas station robbery; he stated only that Williams was arrested and booked and that the items turned up in a search of the car.

 Williams claims he was unduly prejudiced by the testimony concerning the circumstances under which the gun and sunglasses were seized because the officer alluded to an arrest which was not for the charged crimes. He correctly states the general rule that evidence of unrelated criminal activity is inadmissible solely to bolster the inference of guilt. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. Nonetheless, it is always proper to present evidence linking a defendant to the instrumentalities of his crime. *Badelle v. State* (1983), Ind., 449 N.E.2d 1055.

Evidence that two days after the second robbery appellant and his companion were in possession of the gun and sunglasses used in the robberies was highly relevant to the State's case. *Byrd v. State* (1965), 246 Ind. 255, 204 N.E.2d 651. Relevant evidence is not rendered inadmissible simply because its disclosure happens to suggest other criminal activity. *Badelle v.*

*State, supra; see, e.g., Alexander v. State* (1976), 167 Ind.App. 688, 340 N.E.2d 366.

The probative value of the officer's testimony far outweighed its prejudicial impact, especially because the testimony was closely tailored and the officer was not allowed to dwell on the details of the unrelated arrest in explaining how the gun and sunglasses were seized. The testimony was properly admitted.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.