**Willie WATSON, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8803–CR–322.**

Supreme Court of Indiana.

July 5, 1989.

William L. Touchette, Lake County Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of the crime of Murder for which he received a sentence of thirty-five (35) years.

The facts are: Shortly after midnight on the morning of May 3, 1984, Bronko Tarailo was leaving a restaurant he owned in Crown Point, Indiana. He was carrying the cash receipts from the day's business. Tarailo had entered his automobile but had not left the premises when Greg Flores and Vince Dapkus were driving past and heard two gunshots. They saw a black man wearing a black jacket, bright blue sweat pants with two white stripes on the side, and white tennis shoes run behind the restaurant and down an alley. Flores and Dapkus drove down the alley, coming within five feet of the man when he cut across the alley and ran away. They then called police.

Detective Michael Valsi arrived at the restaurant and found Tarailo slumped behind the wheel of his car with a bullet wound in his left side. Valsi ascertained that Tarailo was dead and his wallet was missing. On June 27, 1985, Flores and Dapkus identified Patrick Jackson from police photographs as the man they had seen running from the restaurant.

Johnny Griggs testified for the State that he, Patrick Jackson, and appellant all were involved in the robbery and murder of Tarailo. Griggs stated the three were driving past the restaurant when Jackson saw Tarailo get out of his car and walk toward the restaurant. Jackson asked Griggs and appellant if they wanted to make some "fast money" and they agreed. Jackson took a small black .38 caliber snub-nosed revolver from the car, and he and appellant walked to the restaurant while Griggs moved to the driver's seat of the car. Approximately fifteen minutes later, Griggs heard several gun shots coming from the restaurant. Appellant and Jackson ran back to the car. The three men then drove to Jackson's apartment where they divided the money taken from Tarailo.

Appellant testified that he was riding in the car with Griggs and Jackson that night, but the only reason he got out of the car was because Jackson had a gun in his hand. He claims he remained behind a dumpster in an alley while Jackson approached Tarailo's car. When he saw Jackson point the gun at Tarailo, he turned and ran back to the car. He heard two shots while he was running, and when he got back to the car, he told Griggs that Jackson had shot someone.

Louis Razo testified for the State as a rebuttal witness. He testified that some three hours before the killing of Tarailo he had been robbed in his place of business by the same three men. Razo identified Jackson as the one who took a loaded, dark-colored, snub-nosed .38 caliber revolver from him in addition to the money taken in the robbery.

Appellant claims the trial court erred in allowing Razo to testify concerning an uncharged robbery. It is true that in most instances evidence of prior uncharged criminal acts is inadmissible. *Penley v. State* (1987), Ind., 506 N.E.2d 806. However, in the case at bar, the State presented evidence that a dark-colored, snub-nosed .38 caliber pistol was used to shoot Tarailo. It was proper for the State to present verifying evidence of this fact by showing that just some three hours earlier, the three perpetrators of the instant crime had stolen such a pistol from Razo in the perpetration of that robbery. *Byrd v. State* (1965), 246 Ind. 255, 204 N.E.2d 651.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.