DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.

Kevin W. VAN LEER, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–9110–CR–780.

Supreme Court of Indiana.

May 13, 1992.

Thomas J. O'Brien, O'Brien & Morrissey, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Forgery, a Class C felony, and Murder. He received eight (8) years for the forgery and sixty (60) years for the murder, the sentences to be served consecutively.

On or about November 12, 1990, John D. Sufak was shot in the back with a shotgun. The victim lived in the upstairs apartment in a farmhouse. The lower level apartment was occupied by Carl Stanley Bowen and appellant. The three men were friends. In mid-November of 1990, other friends of the victim became concerned that he had not been attending his classes at Purdue. A missing persons report was made to police.

On December 7, 1990, police discovered a shallow grave inside a barn located on the property where the three men resided. They discovered the victim's body under a layer of cement. Further investigation disclosed that appellant had written some checks on the victim's account, both before and after he was reported missing. Because of this, appellant was arrested.

While in jail, he wrote a letter to Bowen indicating he had accidentally killed the victim while he was in the barn contemplating shooting two dogs which had become a nuisance. In the letter, he indicated he first thought of summoning help after the shooting; however, due to his past experience with his parents, he felt he would not be believed. Thus he did not summon help, and he attempted to pass himself off as the decedent in order to save the decedent's friends and relatives the pain of his death.

The letter appeared in court in two forms. Exhibit No. 19 was the letter in its original form. Exhibit No. 19(A) was the letter with the references to appellant's situation with his parents redacted. During the State's case-in-chief, the redacted Exhibit 19(A) was shown to the jury.

When appellant took the witness stand to testify in his own behalf, he gave his version of what had occurred at the time of the victim's fatal injuries and thereafter. This version of the occurrence differed somewhat from the version in his letter to Bowen.

Upon cross-examination of appellant, the State offered Exhibit 19, the unredacted letter to Bowen. Appellant's letter was admitted into evidence and the State extensively cross-examined him concerning its contents, including the portion referring to his episode with his parents. During this questioning, it was brought out that in 1982 appellant had entered a plea of guilty to attempted voluntary manslaughter based upon the fact that he had entered his parents' bedroom while they were sleeping and wounded both of them with gunfire.

Appellant claims the trial court erred in admitting State's Exhibit No. 19 into evidence and in permitting the prosecuting attorney to question him at length concerning its contents. Appellant takes the position that it is error to show prior unrelated crimes, citing *Williams v. State* (1986), Ind., 491 N.E.2d 540 and *Mulligan v. State* (1986), Ind., 487 N.E.2d 1309. Appellant concedes there are exceptions to this rule, including the establishment of a common scheme, identification, motive or depraved sexual instinct, citing *Fox v. State* (1986), Ind., 497 N.E.2d 221.

Both during the trial and in its brief, the State emphatically avers that the evidence was not being offered to impeach appellant but to demonstrate the true state of mind of appellant at the time of the decedent's death to be more accurately articulated in the letter to Bowen than it was in his testimony before the jury. Although in his letter to Bowen appellant stated that the shooting was an accident, he nevertheless referred to the incident as a "flashback" to the situation with his parents. He also

stated that he needed help and that he was in a situation similar to alcoholism.

The State argues that in view of the fact that Bowen knew of appellant's prior situation with his parents, the message in the letter clearly was intended to inform Bowen that the situations were very similar. The trial court was correct in its ruling, before appellant had taken the witness stand, that only the redacted letter could be shown to the jury. However, after appellant took the witness stand and related to the jury that the shooting was accidental and that he merely panicked in not summoning aid, it was proper for the trial judge to permit the State to introduce the unredacted letter in order to present a more complete picture to the jury. *See Bryan v. State* (1983), Ind., 450 N.E.2d 53, 58. We find no error in the trial court's admission of State's Exhibit 19 nor in the manner in which it was used by the prosecuting attorney in the cross-examination of appellant.

■ Appellant claims there is insufficient evidence to support his conviction for murder. The evidence in this case shows that on October 15, 1990 appellant went to the I.D. room at Purdue University and requested an I.D. card with the victim's name and student number thereon but with his own picture placed on the card. When this attempt failed, appellant altered the victim's student I.D. card himself then called the university about getting a validation sticker placed upon it.

On November 5, 1990, appellant applied for and received an Indiana State photograph identification card in the victim's name. To obtain this document, he produced the victim's driver's license, voter registration card, vehicle registration, a personal check, and the victim's birth certificate. That same day appellant opened a bank account in the victim's name and deposited the victim's check from Purdue University for $1,379.86 less $500 which he took.

On November 9, 1990, Bowen started serving weekend jail sentences and was transported to the jail by appellant. It was on this day that the victim was last seen alive by Bowen. It was not until November 13, 1990 that, according to appellant's own testimony, the victim was shot and buried by appellant in the barn on the property.

Immediately following the shooting, appellant started a series of episodes calculated to take over the ownership of the decedent's property and to pass himself off as the decedent when the occasion benefited him. There was sufficient circumstantial evidence in this case from which the jury could find that appellant had perpetrated a series of thefts and forgeries upon the victim prior to his death and that this conduct persisted after the decedent's death.

This Court will not attempt to reweigh evidence in such a case. *Metzler v. State* (1989), Ind., 540 N.E.2d 606; *Beadin v. State* (1989), Ind., 533 N.E.2d 144 and *Burgess v. State* (1984), Ind., 461 N.E.2d 1094. Under the facts in this case, the jury was entitled to consider pecuniary gain to the appellant as evidence to support a finding of guilt. *Biggerstaff v. State* (1982), Ind., 432 N.E.2d 34. There also was ample evidence in this case from which the jury could find that appellant attempted to hide the fact of the victim's death not only in burying the body but in his various attempts to demonstrate the victim was still alive following his death. Such acts of attempting to hide the crime could be considered by the jury as evidence of defendant's consciousness of guilt. *See Richardson v. State* (1985), Ind., 481 N.E.2d 1310. There is ample evidence in this record to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.